**UNITED STATES of America**

v.

**Kenneth Lavon JONES, Defendant.**

**Criminal Action No. 2:09–CR–00027–RWS.**

United States District Court,
N.D. Georgia,
Gainesville Division.

Nov. 24, 2009.

Stephanie Elaine Gabay–Smith, Office of United States Attorney, Atlanta, GA, for United States of America.

Mildred Geckler Dunn, Federal Defender Program, Atlanta, GA, for Defendant.

## *ORDER*

RICHARD W. STORY, District Judge.

This case is before the Court for consideration of the Report and Recommendations [33 and 34] of Magistrate Judge Susan S. Cole. After reviewing the entire record, including Defendant's Objections [35], the Court enters the following Order.

Defendant filed a Motion to Suppress Evidence Seized From Improper Search Warrant [22] challenging a search warrant obtained by Barrow County Sheriff's Office Investigator Blake A. Bodenmiller on May 15, 2009. Defendant argues that the affidavit accompanying the application for the search warrant failed to provide probable cause for issuing the warrant. Defendant also challenged the application of the good faith exception of *United States v.*

*Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). After reviewing the Report and Recommendation [33], the Court receives it will approval and adopts it as the Opinion and Order of this Court. The Court agrees that the warrant was supported by probable cause. The Court further agrees that if the warrant was not supported by probable cause, the *Leon* good faith exception to the exclusionary rule would apply. Accordingly, Defendant's Motion to Suppress [22] is **DENIED.**

Defendant also filed a Motion to Dismiss Indictment [18] challenging the constitutionality of 18 U.S.C. § 922(g)(1) in light of the Supreme Court's decision in *District of Columbia v. Heller,* ── U.S. ──, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). After reviewing the Report and Recommendation [34], it is received with approval and adopted as the Opinion and Order of this Court. Accordingly, Defendant's Motion to Dismiss Indictment [18] is hereby **DENIED.**

## *REPORT AND RECOMMENDATION*

SUSAN S. COLE, United States Magistrate Judge.

Before the court is the Motion to Dismiss Indictment [Doc. 18] filed by Defendant Kenneth Lavon Jones ("Defendant"). For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **DENIED.**

### I. *Procedural and Factual Background*

Defendant is charged in a one count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). [Doc. 8].[1] According to the limited record before the court, on or about May 18, 2009, the Barrow County Georgia Sheriff's Office executed a search warrant at Defendant's residence and found a Smith & Wesson .40 caliber pistol in a dresser drawer in the master bedroom. (Doc. 1, Aff. at 2; *see also* Doc. 18, Def. Mot. at 1). An agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF") determined that the firearm was manufactured outside the state of Georgia. (Doc. 1, Aff. at 4; Doc. 18, Def. Mot. at 2).

On August 14, 2009, Defendant filed the pending Motion to Dismiss Indictment [Doc. 18], and on September 4, 2009, the Government filed a Response [Doc. 27].[2] Defendant has not filed a reply.

### II. *Discussion*

Defendant argues that the indictment should be dismissed because, in light of the Supreme Court's decision in *District of Columbia v. Heller,* ── U.S. ──, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), 18 U.S.C. § 922(g)(1)[3] is unconstitutional as applied to him and on its face; because after *Heller,* 18 U.S.C. § 922(g)(1) is not a constitutional exercise of Congress's Commerce power; and because 18 U.S.C.

1. The indictment recites that Defendant was convicted of the following crimes punishable by imprisonment for a term exceeding one year in Milwaukee County, Wisconsin: (1) "Possession with Intent to Deliver Controlled Substance—Cocaine, on or about March 29, 1995" and (2) "First Degree Reckless Injury While Armed, on or about January 29, 1995." [Doc. 8].

2. In a September 14, 2009 Order [Doc. 29], the undersigned granted the Government's motion for leave to file out of time its re-

sponse to Defendant's motion to dismiss [Doc. 28].

3. Section 922(g) of 18 U.S.C. provides in relevant part:

It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
. . . .
to . . . possess in or affecting commerce, any firearm or ammunition . . . .

§ 922(g) violates the equal protection guarantees of the United States Constitution by abridging the right to bear arms based on varied state statutes. (*See* Doc. 18, Def. Mot.). The undersigned first outlines what *Heller* did, and did not, decide and then addresses Defendant's arguments in turn.

### A. *What Heller Decided; What it Reserved*

The Second Amendment to the U.S. Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In *Heller*, the Supreme Court recognized that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation" but went on to explain that it "do[es] not read the *Second Amendment* to protect the right of citizens to carry arms for *any sort* of confrontation, just as [it] do[es] not read the *First Amendment* to protect the right of citizens to speak for *any purpose*." 128 S.Ct. at 2797, 2799 (emphasis in original). The Court discussed the scope of its holding as follows:

> Like most rights, the right secured by the *Second Amendment* is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.... Although we do not undertake an exhaustive historical analysis today of the full scope of the *Second Amendment*, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Id.* at 2816–17 (citations omitted).[4] Thus, the Court cited bans on possession of firearms by felons as an example of a question that might arise, given its ruling, and provided the answer: nothing in its opinion should be taken to cast doubt on such laws. *United States v. Schultz*, 1:08–CR–75–TS, 2009 U.S. Dist. LEXIS 234, at *5–6 (N.D.Ind. Jan. 5, 2009).[5]

---

4. Defendant argues that this language comes "nowhere near upholding" the prohibitions on possession of firearms by felons and the mentally ill. (Doc. 18, Def. Mot. at 3). In *United States v. Moore*, No. 3:09cr18, 2009 WL 1033363, 2009 U.S. Dist. LEXIS 32953 (W.D.N.C. April 17, 2009), the court rejected this argument, phrased in precisely the same way, with the explanation that "this language permits only one conclusion, namely, the prohibition of possession of firearms under 18 U.S.C. § 922(g) survives the Heller decision." *Id.* at *2, 2009 U.S. Dist. LEXIS 32953, at *3 (citation marks omitted). In *United States v. Boffil–Rivera*, No. 08–20437–CR–GRAHAM/TORRES, 2008 U.S. Dist. LEXIS 84633, at *9 n. 2 (S.D.Fla. Aug. 12, 2008), the court wrote that this language in *Heller* is "not just dicta" but "was a critical part of the Court's analysis" and that even if it is dicta, it is "not

... to be lightly cast aside." *Id.* (quoting *Peterson v. BMI Refractories Inc.*, 124 F.3d 1386, 1392 n. 4 (11th Cir.1997)); *see also United States v. Robinson*, No. 07–CR–202, 2008 WL 2937742, at *2, 2008 U.S. Dist. LEXIS 60070, at *3–4 (E.D.Wis. July 23, 2008) ("Defendant claims that this is dicta, but I cannot so quickly dismiss this explicit limitation on the Court's holding.").

5. The undersigned notes that in its holding, the Court in *Heller* wrote, "Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home." 128 S.Ct. at 2822. Thus the Court's holding contemplates that a person may be disqualified from exercising Second Amendment rights.

Having decided that the Second Amendment "confer[s] an individual right to keep and bear arms," 128 S.Ct. at 2799, the Supreme Court "declin[ed] to establish a level of scrutiny for evaluating *Second Amendment* restrictions." *Heller*, 128 S.Ct. at 2821. The Court explained:

> [R]ational-basis scrutiny is a mode of analysis we have used when evaluating laws under constitutional commands that are themselves prohibitions on irrational laws. . . . Obviously, the same test could not be used to evaluate the extent to which a legislature may regulate a specific, enumerated right, be it the freedom of speech, the guarantee against double jeopardy, the right to counsel, or the right to keep and bear arms. If all that was required to overcome the right to keep and bear arms was a rational basis, the Second Amendment would be redundant with the separate constitutional prohibitions on irrational laws, and would have no effect.

2817 n. 27 (internal citations omitted). Thus, while it is clear that a higher level of scrutiny than rational basis is to be applied, the *Heller* decision itself does not establish strict scrutiny as the appropriate level.

**B.** **Whether § 922(g)(1) as Applied to Defendant Violates the Second Amendment**

In the portion of his brief addressing his as-applied challenge (Doc. 18, Def. Mot. at 2–6), Defendant argues that § 922(g)(1) is unconstitutional because it does not just limit the type of firearm he may possess or the manner in which he may keep it, it also prohibits him from owning or possessing a firearm for any purpose whatsoever though there is no allegation that he used a firearm in an unlawful manner. (Doc. 18, Def. Mot. at 5). Defendant asserts, "The permanent abrogation of a constitutional right based on a remote conviction cannot be permissible after *Heller*." (*Id.*).

While Defendant frames his argument as an as-applied challenge, it appears in fact to be a facial challenge to the statute: Defendant makes no clear argument that there are facts that distinguish him from other felons such that the statute might be constitutionally applied to them but not to him. *See United States v. Boffil–Rivera*, No. 08–20437–CR–GRAHAM/TORRES, 2008 U.S. Dist. LEXIS 84633, at *10–11 (S.D.Fla. Aug. 12, 2008) (explaining as-applied versus facial challenges and noting that a post *Heller* as-applied challenge to 18 U.S.C. § 922(g)(5), prohibiting aliens from possessing firearms, "cannot be procedurally raised at this juncture of the case," i.e., by motion to dismiss that count of the indictment). The closest Defendant comes to making an as-applied challenge, as far as the undersigned can discern, is his reference to the remoteness of his felony convictions and his assertion that "[Defendant] is alleged to have possessed a firearm: he is not alleged to have used it in an unlawful manner [and i]t is impossible to think of any other fundamental right guaranteed in the Bill of Rights that could be permanently taken away as 18 U.S.C. § 922(g)(1) purports to do under these circumstances." (Doc. 18, Def. Mot. at 5–6). Though Defendant's as-applied argument is unclear, and there is authority for the position that an as-applied challenge is inappropriate at this stage of the prosecution, *see, e.g., Boffil–Rivera*, 2008 U.S. Dist. LEXIS 84633, at *10–11, the undersigned will attempt to address it.

Analysis of an as-applied challenge begins with the elements of the challenged statute, 18 U.S.C. § 922(g)(1), and the relevant question here is whether a conviction based on conduct satisfying those elements would violate Defendant's Second Amendment right to keep and bear arms under

*Heller. See United States v. Masciandaro*, 648 F.Supp.2d 779, 788–789 (E.D.Va. 2009). Defendant is apparently framing the question as whether Defendant, who is a felon based on convictions that occurred more than 14 years ago and who is not alleged to have unlawfully used the pistol found in his home, has a Second Amendment right to possess that pistol.

*Heller* itself does not reach or decide this question, and Defendant has cited no case authority for his position that the Second Amendment right recognized in *Heller* extends to felons, or to certain subcategories of felons, and the undersigned has found none. In fact, the Court made clear in *Heller* that the Second Amendment right it recognized was "the right of *law-abiding,* responsible citizens to use arms in defense of hearth and home" (emphasis added) and, as noted, the Court explicitly stated "nothing in our opinion should be taken to cast doubt on long-standing prohibitions on the possession of firearms by felons." 128 S.Ct. at 2816–17, 2821. Nor has Defendant provided the court with any authority or persuasive reason for distinguishing himself from the class of "felons" to which the Supreme Court refers in *Heller* as being lawfully prohibited from possessing firearms. See *Schultz,* 2009 U.S. Dist. LEXIS 234, at *4–5 (stating that the constitutional validity of laws banning possession of firearms by felons is not in doubt after *Heller* and explaining "[t]he Supreme Court did not make an exception for certain kinds of felony convictions or certain circumstances" and thus "[t]here is no wiggle room to distinguish the present case [concerning a 20–year old class D felony for a

non-violent offense] from the Supreme Court's blanket statement"). To the extent Defendant has made out an as-applied challenge to § 922(g)(1), that challenge fails.

**B. Whether § 922(g)(1) on its Face Violates the Second Amendment**

■ To succeed in a facial challenge to a statute, it is necessary to establish " 'that no set of circumstances exists under which the Act would be valid,', i.e., that the law is unconstitutional in all of its applications" or that the statute does not have "a plainly legitimate sweep." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 128 S.Ct. 1184, 1190, 170 L.Ed.2d 151 (2008) (internal quotation marks omitted).[6] Urging strict scrutiny analysis, Defendant argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face because "it embodies no tailored or compelling relationship to the regulation of interstate commerce." (Doc. 18, Def. Mot. at 6–7).

Defendant's argument fails, first, because he has not shown that strict scrutiny is the appropriate level of analysis. Defendant refers to the Second Amendment right recognized in *Heller* as "individual" and "fundamental" and urges a strict level of scrutiny in evaluating § 922(g)(1)'s limitation on that right. (Doc. 18, Def. Mot. at 6). But the *Heller* decision neither characterizes the Second Amendment right as "fundamental" nor adopts a strict scrutiny standard, i.e., that a statute or regulation must "be narrowly tailored to serve a compelling governmental interest in order to survive" a constitutional challenge.

---

**6.** In the First Amendment context, a second type of facial challenge is recognized "under which a law may be overturned as impermissibly overbroad because a 'substantial number' of its applications are unconstitutional, 'judged in relation to the statute's plainly legitimate sweep.' " *Wash. State Grange,* 128

S.Ct. at 1190 n. 6. (internal quotation marks omitted). As Defendant has not urged this—or any other—test for facial validity, the undersigned does not expand the analysis to include this possible formulation of the test for facial validity in the context of a Second Amendment challenge.

*Abrams v. Johnson,* 521 U.S. 74, 91, 117 S.Ct. 1925, 138 L.Ed.2d 285 (1997). As noted, in *Heller* the Court indicated that rational basis scrutiny would not be appropriate "to evaluate the extent to which a legislature may regulate ... the right to keep and bear arms," 128 S.Ct. at 2817 n. 27, but Defendant has offered no authority for his contention that strict scrutiny analysis of § 922(g)(1) is required or appropriate under the Second Amendment, and the undersigned declines to find that it is.

Defendant's argument also fails because he has mis-identified the government interest that is to be scrutinized. It is not, as he asserts, the regulation of interstate commerce, but rather the safety of the public that § 922(g)(1) is intended to promote. *See, e.g., Schultz,* 2009 U.S. Dist. LEXIS 234, at *15–16.

Finally, § 922(g)(1) has a plainly legitimate sweep, i.e., it limits the types of individuals who may own or possess weapons, a limitation the Court recognized as valid in *Heller* when it explained that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 128 S.Ct. at 2816–17. *See Boffil–Rivera,* 2008 U.S. Dist. LEXIS 84633, at *8. Defendant has provided no argument or authority that requires or persuades the undersigned otherwise, and numerous courts, including the Eleventh Circuit Court of Appeals and this court, have relied on the Supreme Court's limiting language in concluding that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment right recognized in *Heller.* In *United States v. Brye,* 318 Fed.Appx. 878, 879 (11th Cir. 2009) (per curiam unpublished decision), the defendant appealed his conviction under § 922(g)(1), arguing in part that the "holding in [*Heller* ], that the *Second Amendment* protects an individual's right to possess a firearm, should apply to him, as a convicted felon, such that the district court should have dismissed the indictment." Quoting the Court's limiting language, the Eleventh Circuit held that the district court did not plainly err when it declined to dismiss the indictment because "there is no precedent holding that § 922(g) is unconstitutional or that convicted felons cannot be convicted for possessing a firearm ...." *Id.* at 880. Similarly, in *United States v. King,* No. 1:08–CR–0227–RWS (N.D.Ga. Aug. 19, 2009), Magistrate Judge King found "that the Supreme Court's decision in *Heller* did not call into question the continued constitutionality of § 922(g) and that the Second Amendment's individual right to keep and carry firearms does not extend to convicted felons" and recommended denial of the defendant's motion to dismiss the § 922(g)(1) indictment. Report and Recommendation, Doc. No. 18 at 5, *adopted by* Order, Doc. No. 21, No. 1:08–CR–0227–RWS (N.D.Ga. Sept. 30, 2009) (unpublished decision); *see also United States v. Singletary,* No. 5:08–CR–12(HL), 2008 WL 3843517, at *1, 2008 U.S. Dist. LEXIS 61012, at *1–2 (M.D.Ga. Aug. 11, 2008) ("[C]ontrary to Defendant's argument, the Supreme Court's decision in *Heller* does not draw into ... question the constitutionality of the felon in possession statute."); *United States v. White,* No. 07–00361–WS, 2008 WL 3211298, at *1, 2008 U.S. Dist. LEXIS 60115, at *2–3 (S.D.Ala. Aug. 6, 2008) ("On its face, then, *Heller* did not disturb or implicate the constitutionality of § 922(g), and was not intended to open the door to a raft of *Second Amendment* challenges to § 922(g) convictions."); *United States v. Anderson,* 559 F.3d 348, 352 (5th Cir.) (stating that *Heller* provides no basis for reconsidering its 2003 decision holding that § 922(g) does not violate the Second Amendment), *cert. denied,* ⸺ U.S. ⸺, 129 S.Ct. 2814, 174 L.Ed.2d 308 (2009); *United States v. Frazier,* 314 Fed. Appx. 801, 807 (6th Cir.2008) (unpublished decision) ("The district court ... did not

commit error in entering judgment against Frazier pursuant to *18 U.S.C. §§ 922* and *924* because his conviction is not in violation of the *Second Amendment.*"), *cert. denied,* — U.S. —, 129 S.Ct. 1652, 173 L.Ed.2d 1024 (2009); *United States v. Gilbert,* 286 Fed.Appx. 383, 386 (9th Cir.) (unpublished decision) ("Under *Heller* ... convicted felons, such as Gilbert, do not have the right to possess any firearms."), *cert. denied,* — U.S. —, 129 S.Ct. 613, 172 L.Ed.2d 468 (2008).

## C. *Commerce Clause and Tenth Amendment Challenge*

■ Defendant acknowledges that "federal courts have upheld § 922(g) (1) as a constitutional exercise of Congress's Commerce power *[,s]ee e.g. Scarborough [v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977) ]," but argues that in light of *Heller,* "[a]bsent a constitutional basis for criminalizing *intrastate* firearm or ammunition possession, Congress exceeded the limits of its authority in violation of the Tenth Amendment and the Second Amendment" when it made intrastate possession of a firearm by a convicted felon unlawful under § 922(g)(1). (Doc. 18, Def. Mot. at 9–10). In *Schultz,* the court described the defendant's identical argument this way: "When the allegation under [§ 922(g)(1) ] is only that the firearm traveled in interstate commerce in the past and the Defendant is accused merely of intrastate firearm possession, the statute exceeds the limits of the *Commerce Clause* and violates the *Tenth Amendment,* especially in light of *Heller.*" 2009 U.S. Dist. LEXIS 234, at *7.

Like the defendant in *United States v. Moore,* No. 3:09cr18, 2009 WL 1033363, at *2, 2009 U.S. Dist. LEXIS 32953, at *5–6 (W.D.N.C. Apr. 17, 2009), Defendant "does not articulate how the Heller decision affects the validity of Congress's exercise of its commerce power in enacting § 922(g)(1), other than to state that 'the

tenuous, commerce-based jurisdiction now endangered by the Supreme Court's *Commerce Clause* jurisprudence must give way.' " *See* Doc. 18, Def. Mot. at 10; *see also United States v. Radencich,* No. 3:08–CR–00048(01)RM, 2009 WL 127648, at *3, 2009 U.S. Dist. LEXIS 3692, at *9–11 (N.D.Ind. Jan. 20, 2009). Apparently in an effort to illustrate the "endangered" commerce-based jurisdiction, Defendant asserts, "A number of judges have recognized that the Supreme Court's landmark decision in [*United States v.*] *Lopez*[, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) ] affords defendants 'a powerful argument' that 18 U.S.C. § 922(g) operates unconstitutionally in a case where the only interstate commerce nexus is the mere fact that firearms at some point traveled interstate." (Doc. 18, Def. Mot. at 9). But Defendant fails to acknowledge the Eleventh Circuit's decision in *United States v. McAllister,* holding that the Supreme Court's decision in *Lopez* does not change the "minimal nexus" test to be applied to Commerce Clause challenges and noting that unlike the statute under examination in *Lopez,* § 922(g) explicitly requires a connection to interstate commerce. 77 F.3d 387, 390 (11th Cir.), *cert. denied,* 519 U.S. 905, 117 S.Ct. 262, 136 L.Ed.2d 187 (1996).

The undersigned agrees with the observation in *Moore* that "[t]he *Heller* decision ... does not give any indication that the Supreme Court intended to diminish Congress's power under the *Commerce Clause.*" 2009 WL 1033363, at *2, 2009 U.S. Dist. LEXIS 32953, at *6; *see also Radencich,* 2009 WL 127648, at *1, 2009 U.S. Dist. LEXIS 3692, at *10–11. Defendant has cited no case holding that § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power in light of *Heller.* Rather, he has cobbled together various cases, concurring opinions and commentary that "intimate[ ]" that the

right to bear arms "color[s] the commerce test." (Doc. 18, Def. Mot. at 8–9). The undersigned finds these citations, and Defendant's argument, unpersuasive and accordingly rejects Defendant's Commerce Clause/Tenth Amendment challenge to § 922(g)(1). *See Schultz,* 2009 U.S. Dist. LEXIS 234, at *11–12 ("In the absence of language in *Heller* or any other controlling case indicating that the individual right to bear arms reduces *Commerce Clause* federal jurisdiction, there is no basis for this Court to so rule.").

### D. Equal Protection Challenge

■ Defendant's final argument is that § 922(g)(1) violates the equal protection guarantees of the United States Constitution because it "treats individuals in like circumstances very differently 'in the enjoyment of their personal and civil rights' and in the 'administration of criminal justice'" as it "contains no uniform definition of the conduct that will result in a loss of the right to possess firearms under federal law, instead relying on diverse state definitions." (Doc. 18, Def. Mot. at 11). Defendant argues, "[N]ow that the Second Amendment is construed as a fundamental right, it follows that a statute revoking the right based on explicitly uneven terms violates the equal protection component of the Fifth Amendment due process clause" under "heightened equal protection scrutiny" merited by the "fundamental and individual right to bear arms." (Doc. 18, Def. Mot. at 12–13). Defendant also argues that the statute inconsistently restores the right to bear arms by incorporating varying state restoration schemes, "an intolerably unequal result." (Doc. 18, Def. Mot. at 13–14).

■ The underpinning of Defendant's argument is his contention that the Second Amendment confers a "fundamental" right and that laws limiting this right are subject to strict scrutiny. As discussed above, the undersigned rejects Defendant's contentions on both scores.

After *Heller,* several courts have applied an intermediate level of scrutiny to equal protection challenges[7] to § 922(g)(1) and found that prohibiting felons from possessing firearms is substantially related to the important governmental objective of public safety and is therefore constitutional. *See, e.g., Moore,* 2009 WL 1033363, at *4, 2009 U.S. Dist. LEXIS 32953, at *10 (concluding, with respect to "Equal Protection Clause" challenge, that § 922(g)(1) withstands intermediate scrutiny and quoting, among other cases, the Supreme Court's decisions in *United States v. Salerno,* 481 U.S. 739, 750, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (finding the Government's interest in preventing crime as not just important but compelling), and *Lewis v. United States,* 445 U.S. 55, 66, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (noting that in enacting § 922(g)(1), "Congress focused on the nexus between violent crime and the possession of a firearm by any person with a criminal record")); *Schultz,* 2009 U.S. Dist. LEXIS 234, at *15–16 ("Public safety is an important governmental objective"); *Radencich,* 2009 WL 127648, at *5, 2009 U.S. Dist. LEXIS 3692, at *13–14 (citing *Schultz* ); *see also United States v. Bledsoe,* No. SA–08–CR–13(2)–XR, 2008 WL 3538717, at *4, 2008 U.S. Dist. LEXIS 60522, at *11 (W.D.Tex. Aug. 8, 2008) (finding that "public safety concerns ... constitute important governmental objectives and, furthermore, that the statutes challenged by Defendant are substantially related to addressing those ends"). The undersigned finds the equal protection

---

**7.** In the equal protection challenge context, "[t]o withstand intermediate scrutiny, a statutory classification must be substantially related to an important governmental objective." *Clark v. Jeter,* 486 U.S. 456, 461, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988).

analysis of § 922(g)(1) in these cases to be persuasive. Accordingly, Defendant's equal protection challenge to § 922(g)(1) fails.

### III. *Conclusion*

For the forgoing reasons, the undersigned finds that 18 U.S.C. § 922(g)(1) is constitutional as applied to Defendant and on its face, that it is not an unconstitutional exercise of Congress' Commerce power and that it does not violate the Constitution's equal protection guarantees. Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss Indictment [Doc. 18] be **DENIED**.

**IT IS SO REPORTED AND RECOMMENDED** this 21st day of October, 2009.