IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term

_____

No. 19-1046
_____

FILED
May 14, 2021
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

RONALD EUGENE WARD,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Summers County
Honorable Robert Irons, Judge
Criminal Action No. CC-45-2019-F-37

AFFIRMED
_____

Submitted: April 13, 2021
Filed: May 14, 2021

Scott A. Ash, Esq.
Athens, West Virginia
Attorney for Petitioner

Patrick Morrisey, Esq.
Attorney General
Mary Beth Niday, Esq.
Assistant Attorney General
Andrea Nease Proper, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent

JUSTICE HUTCHISON delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "The West Virginia legislature may, through the valid exercise of its police power, reasonably regulate the right of a person to keep and bear arms in order to promote the health, safety and welfare of all citizens of this State, provided that the restrictions or regulations imposed do not frustrate the constitutional freedoms guaranteed by article III, section 22 of the *West Virginia Constitution*, known as the 'Right to Keep and Bear Arms Amendment.'"  Syl. Pt. 4, *State ex rel. City of Princeton v. Buckner*, 180 W. Va. 457, 377 S.E.2d 139 (1988).

2.      "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970).

3.      "A statute, or an administrative rule, may not, under the guise of 'interpretation,' be modified, revised, amended or rewritten."  Syl. Pt. 1, *Consumer Advocate Div. of Pub. Serv. Com'n v. Pub. Serv. Com'n*, 182 W. Va. 152, 386 S.E.2d 650 (1989).

4.      "It is not for this Court arbitrarily to read into a statute that which it does not say.  Just as courts are not to eliminate through judicial interpretation words that

i

were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." Syl. Pt. 11, *Brooke B. v. Ray*, 230 W. Va. 355, 738 S.E.2d 21 (2013).

5. The plain language of West Virginia Code § 61-7-7(b)(2) (2016) prohibits a person previously convicted of a felony controlled substance offense in any jurisdiction from possessing a firearm in West Virginia. Therefore, an out-of-state felony controlled substance conviction may serve as the predicate felony conviction necessary for a charged violation of West Virginia Code § 61-7-7(b)(2) regardless of the classification of the crime in this State.

**HUTCHISON, Justice:**

The petitioner, Ronald Eugene Ward, appeals the November 4, 2019, order of the Circuit Court of Summers County sentencing him to a determinate term of five years in the penitentiary for his felony conviction of possession of a firearm by a prohibited person pursuant to West Virginia Code § 61-7-7(b)(2) (2016)[1] and an enhancement of five years in the penitentiary under the West Virginia Habitual Offender Act[2] for a total determinate term of ten years imprisonment. In this appeal, the petitioner contends that the circuit court erred by denying his motion to dismiss his indictment based on the State's use of his 2005 Indiana conviction as the predicate felony barring his right to possess a firearm. Petitioner argues that because his Indiana offense would have been classified as a misdemeanor had it occurred in West Virginia, it could not serve as the predicate felony

---

[1]West Virginia Code § 61-7-7(b)(2) provides, in relevant part, that any person

> [w]ho has been convicted in this state or any other jurisdiction of a felony controlled substance offense involving a Schedule I controlled substance other than marijuana, a Schedule II or a Schedule III controlled substance as such are defined in sections two hundred four [§ 60A-2-204], two hundred five [§ 60A-2-205] and two hundred six [§ 60A-2-206], article two, chapter sixty-a of this code and who possesses a firearm as such is defined in section two of this article shall be guilty of a felony and, upon conviction thereof, shall be confined in a state correctional facility for not more than five years or fined not more than $5,000, or both.

[2]*See* W. Va. Code § 61-11-18(a) (2000) (providing for five-year enhancement to a determinate sentence based on prior conviction). We cite to the 2000 version of the statute because it was in effect at the time of the petitioner's sentencing. The statute was amended in 2020.

1

for a charged violation of West Virginia Code § 61-7-7(b)(2). Upon consideration of the parties' briefs and oral arguments, the submitted record, and the relevant authorities, we find no error and affirm the circuit court's sentencing order.

## I. Facts and Procedural Background

On November 26, 2018, the petitioner was stopped by a Summers County deputy while he was driving a vehicle near Talcott, West Virginia. The deputy knew the petitioner's driver's license had been revoked for driving under the influence. During the traffic stop, the deputy found a firearm and what appeared to be a small amount of methamphetamine inside the vehicle. A passenger indicated that the firearm belonged to the petitioner. Thereafter, the deputy discovered that the petitioner had been convicted of a felony in Indiana in 2005.

In March 2019, the petitioner was indicted by a Summers County grand jury and charged with a violation of West Virginia Code § 61-7-7(b)(2), possession of a firearm by a prohibited person. He was also charged with misdemeanor possession of a controlled substance and several misdemeanor driving offenses. The petitioner moved to strike the West Virginia Code § 61-7-7(b)(2) charge from his indictment because of "defective drafting," and the motion was granted. However, he was re-indicted on the same charge during the following term of the grand jury. Petitioner then sought dismissal of his indictment, arguing that the offense that led to his Indiana conviction would have been a misdemeanor had it occurred in West Virginia and, therefore, could not serve as the

2

predicate felony for a charged violation of West Virginia Code § 61-7-7(b)(2). The circuit court denied the motion to dismiss the indictment by order entered October 2, 2019.

The petitioner was tried on October 8, 2019 and convicted of all charges arising out of the traffic stop. The petitioner then filed a motion for acquittal, again arguing that his Indiana conviction could not serve as the predicate felony conviction for a charged violation of West Virginia Code § 61-7-7(b)(2). Prior to sentencing, the State filed an information further charging the petitioner with a second offense enhancement under the Habitual Offender Act.[3] The basis for the sentencing enhancement sought by the State was the petitioner's 2013 felony conviction in Summers County for attempted possession of a firearm by a prohibited person. Subsequently, the petitioner waived his right to a trial and admitted that he was the same person previously convicted in the 2013 Summers County case.[4]

The petitioner's sentencing hearing was held on November 1, 2019. At that hearing, the circuit court denied the petitioner's motion for acquittal and sentenced him to a determinate term of five years imprisonment for his conviction of possession of a firearm

---

[3]*See* note 2, *supra*.

[4]According to the petitioner, his attempt conviction was "pled down" from a 2013 charge of possession of a firearm by a prohibited person, which was also predicated on his 2005 Indiana felony conviction.

by a prohibited person and a determinate term of five years imprisonment under the Habitual Offender Act.[5]  This appeal followed.

## II.  Standard of Review

The sole issue in this case is whether the circuit court erred by finding that the petitioner's 2005 Indiana conviction could serve as the predicate felony conviction for the charge that petitioner violated West Virginia Code § 61-7-7(b)(2), possession of a firearm by a prohibited person.  This is a question of law to which we apply a de novo standard of review.  *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").  With this standard in mind, we consider the parties' arguments.

## III.  Discussion

In this case, there is no dispute that the petitioner was convicted of a felony in Indiana in 2005.  Likewise, there is no dispute that the petitioner's Indiana offense—possession of methamphetamine—would have been considered a misdemeanor had it occurred in West Virginia.[6]  As such, the petitioner argues in this appeal that his Indiana

---

[5]The petitioner was sentenced to time served for his misdemeanor convictions.

[6]*See* W. Va. Code § 60A-4-401(c) (2020). For ease of reference, we cite to the current statute, but note that under all prior versions, simple possession of a controlled substance has always been classified as a misdemeanor in West Virginia.

conviction cannot serve as the predicate felony conviction necessary for a charged violation of West Virginia Code § 61-7-7(b)(2).  In support of his argument, the petitioner primarily relies upon this Court's precedent pertaining to the use of out-of-state convictions in recidivist proceedings.  In that regard, syllabus point three of *Justice v. Hedrick,* 177 W.Va. 53, 350 S.E.2d 565 (1986), holds:

> Whether the conviction of a crime outside of West Virginia may be the basis for application of the West Virginia Habitual Criminal Statute, *W.Va.Code*, 61-11-18, -19 [1943], depends upon the classification of that crime in this State.

The petitioner notes that this Court has applied the same holding in the context of enhanced sentences for domestic violence and driving under the influence.[7]  Thus, the petitioner argues that trial courts should look at the conduct involved in the out-of-state offense rather than whether the other jurisdiction labeled the offense as a felony when determining

---

[7]*See* Syl. Pt. 2, *State v. Hulbert*, 209 W. Va. 217, 544 S.E.2d 919 (2001)  ("An out-of-state conviction may be used as a predicate offense for penalty enhancement purposes under subsection (c) of West Virginia Code § 61-2-28 (1994) (Repl.Vol.2000) provided that the statute under which the defendant was convicted has the same elements as those required for an offense under West Virginia Code § 61-2-28. When the foreign statute contains different or additional elements, it must be further shown that the factual predicate upon which the prior conviction was obtained would have supported a conviction under West Virginia Code § 61-2-28(a) or (b) in order to invoke the enhanced penalty contained in subsection (c)."); Syl. Pt. 2, *State ex rel. Conley v. Hill,* 199 W. Va. 686, 487 S.E.2d 344 (1997), *overruled on other grounds by State v. Hulbert*, 209 W. Va. 217, 544 S.E.2d 919 (2001) ("Notwithstanding the fact that another state's driving under the influence statute may contain additional elements not found in West Virginia Code § 17C-5-2 (1996), an out-of-state conviction may properly be used for sentence enhancement pursuant to West Virginia Code § 17C-5-2(k) provided that the factual predicate upon which the conviction was obtained would have supported a conviction under the West Virginia DUI statute.").

whether there is a prior felony conviction to support a charged violation of West Virginia Code § 61-7-7(b)(2). In other words, the petitioner asserts that it is the nature of the criminal conduct that should be considered, not the classification affixed to the offense by another jurisdiction.

Conversely, the State argues that West Virginia Code § 61-7-7(b)(2) must be applied as written. In that regard, the State says that the statute clearly provides that a person previously convicted of a felony controlled substance offense in any jurisdiction cannot possess a firearm in West Virginia. The State argues that had the Legislature intended to limit application of West Virginia § 61-7-7(b)(2) to only convictions that are deemed felonies under West Virginia law, it would have so provided as this Court recognized in *Perito v. Cty. of Brooke,* 215 W. Va. 178, 597 S.E.2d 311 (2004). In *Perito,* this Court considered whether a pardon automatically restored a felon's right to possess a firearm or whether the procedure set forth in West Virginia Code § 61-7-7(c) for restoration of the right to possess a firearm had to be followed. This Court concluded in *Perito* that

> [i]f the Legislature had desired to exclude from the provisions of Section 61-7-7(c) those individuals whose convictions had been pardoned, it could have easily done so . . . Because the Legislature chose not to exclude pardoned convictions from the scope of Section 61-7-7, we may not do so now.[8]

---

[8]The 1989 version of the statute was applicable in *Perito.* 215 W. Va. at 181 n.2, 597 S.E.2d at 314 n.2. The procedure for regaining the ability to possess a firearm is now found in West Virginia Code § 61-7-7(f). Notably, West Virginia Code § 61-7-7(g) now provides: "Any person who has been convicted of an offense which disqualifies him or her from possessing a firearm by virtue of a criminal conviction . . . who subsequent thereto

6

*Perito*, 215 W. Va. at 183-84, 597 S.E.2d at 316-17 (footnote added). Thus, the State argues that if the Legislature intended for trial courts to consider the nature of out-of-state offenses under West Virginia law for purposes of a conviction under West Virginia Code § 61-7-7(b)(2), it would have so stated. In the absence of such language, the State maintains that there is no basis to look at the conduct and circumstances that resulted in the out-of-state felony conviction. The State further argues that applying this Court's precedent pertaining to recidivist convictions to West Virginia Code § 61-7-7(b)(2) would result in a complete revision of the statute that is contrary to the clear intent of the Legislature. We agree.

This Court has long recognized that

> [t]he West Virginia legislature may, through the valid exercise of its police power, reasonably regulate the right of a person to keep and bear arms in order to promote the health, safety and welfare of all citizens of this State, provided that the restrictions or regulations imposed do not frustrate the constitutional freedoms guaranteed by article III, section 22 of the *West Virginia Constitution*, known as the "Right to Keep and Bear Arms Amendment."

Syl. Pt. 4, *State ex rel. City of Princeton v. Buckner*, 180 W. Va. 457, 377 S.E.2d 139 (1988). West Virginia Code § 61-7-7 prohibits certain persons from possessing firearms, provides penalties therefor, delineates who may carry a concealed weapon, and sets forth a procedure for a prohibited person to regain the ability to possess a firearm. As we

---

receives an unconditional pardon for said offense shall not be prohibited from possessing a firearm by the provisions of the [sic] section."

7

observed in *Perito*, "[t]he obvious purpose of W.Va. Code § 61-7-7 is to guard the public safety." 215 W.Va. at 183, 597 S.E.2d at 316.

The specific provision at issue here, West Virginia Code § 61-7-7(b)(2), withholds the right to possess a firearm from any person "[w]ho has been *convicted in* this state or *any other jurisdiction of a felony controlled substance offense*[.]" *Id.* (emphasis added). The statutory language is plain and the legislative intent to prohibit any person previously convicted in any jurisdiction of a felony controlled substance offense from possessing a firearm is clear. Pursuant to our rules of statutory construction, "[w]here the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970). In other words, "if the legislative intent is clearly expressed in the statute, this Court is not at liberty to construe the statutory provision[.]" *Dan's Carworld, LLC v. Serian*, 223 W. Va. 478, 484, 677 S.E.2d 914, 920 (2009); *see also Henry v. Benyo*, 203 W. Va. 172, 177, 506 S.E.2d 615, 620 (1998) ("When the legislative intent of a statute's terms is clear, we will . . . not construe . . . its plain language.").

Given the plain and unambiguous statutory language, there is no basis to read into West Virginia Code § 61-7-7(b)(2) a requirement that a prior out-of-state felony conviction must be examined to determine whether the underlying offense would be punishable as a felony if it had been committed in this State. As we have explained, "[a] statute, or an administrative rule, may not, under the guise of 'interpretation,' be modified,

8

revised, amended or rewritten." Syl. Pt. 1, *Consumer Advocate Div. of Pub. Serv. Com'n v. Pub. Serv. Com'n*, 182 W. Va. 152, 386 S.E.2d 650 (1989). Moreover, "[i]t is not for this Court arbitrarily to read into a statute that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." Syl. Pt. 11, *Brooke B. v. Ray*, 230 W. Va. 355, 738 S.E.2d 21 (2013).

We, therefore, reject the petitioner's contention that our precedent pertaining to the consideration of out-of-state convictions for recidivist purposes should be applied to his case. Although recidivist statutes also serve to protect the public, "[t]he primary purpose of the recidivist statute[s] is to deter persons who have been convicted and sentenced previously on penitentiary offenses, from committing subsequent felony offenses." *Justice*, 177 W.Va. at 55, 350 S.E.2d at 567. In contrast, the focus of West Virginia Code § 61-7-7 is to keep firearms out of the hands of persons who have such disregard for the law that they will commit acts deemed to be felonies in the jurisdictions where they occur. Indeed, "those who commit serious crimes are [likely] more dangerous to society than one never found guilty of crime and may be more prone to the inability to exercise the responsibility concomitant with the possession of a firearm." *Perito*, 215 W.Va. at 187, 597 S.E.2d at 320 (citation and footnote omitted). Therefore, "the prohibition against the possession or ownership of handguns by persons previously convicted of a felony or other specified crime is widely accepted." *Buckner*, 180 W. Va. at 465, 377 S.E.2d at 147 (citations omitted).

9

To achieve its statutory purpose, the Legislature has determined that a prior felony controlled substance conviction coupled with the possession of a firearm is sufficient to trigger a violation of West Virginia Code § 61-7-7(b)(2). Under the plain language of the statute, it is the mere existence of the prior felony conviction itself that supports a charged violation of the statute, not the nature of the previous conduct. Critically, the penalty for a violation of West Virginia Code § 61-7-7(b)(2) does not depend upon the circumstances of the prior felony, unlike a recidivist conviction, which enhances punishment based on the earlier conduct. Given this distinction, we find no merit to the petitioner's argument.

We also reject the petitioner's equal protection challenge, which he asserted for the first time in his reply brief. Specifically, the petitioner argues that "[t]he State urges a classification based on the geography of the crime" and that "Indiana possessors of a controlled substance cannot be presumed to be more dangerous than West Virginia possessors of a controlled substance." The petitioner cites no legal authority in support of his argument, and the record reflects that the issue was not raised during the proceedings below. Our general rule is that nonjurisdictional questions raised for the first time on appeal will not be considered. *See* Syl. Pt. 2, *Sands v. Security Trust Co*., 143 W. Va. 522, 102 S.E.2d 733 (1958) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance."). Nonetheless, "[a] constitutional issue that was not properly preserved at the trial court level may, in the

discretion of this Court, be addressed on appeal when the constitutional issue is the controlling issue in the resolution of the case." Syl. Pt. 2, *Louk v. Cormier*, 218 W. Va. 81, 622 S.E.2d 788 (2005). Upon review, we do not find the petitioner's argument dispositive, nor does it require a prolonged analysis.

"[E]qual protection means the State cannot treat similarly situated people differently unless circumstances justify the disparate treatment." *Kyriazis v. U. of West Virginia*, 192 W. Va. 60, 67, 450 S.E.2d 649, 656 (1994). Equal protection challenges, like that asserted by the petitioner herein, have been made by defendants with respect to the federal counterpart of West Virginia Code § 61-7-7. Those challenges have been uniformly rejected based upon the recognition that maintaining public safety and preventing crime are important governmental interests that justify the disparate treatment. For example, in *U.S. v. Jones*, 673 F.Supp.2d 1347 (N.D. Ga. 2009), the defendant argued that 18 U.S.C. § 922(g)(1)[9] violated the equal protection guarantee of the United States Constitution because it "contains no uniform definition of the conduct that will result in a loss of the right to possess firearms under federal law, instead relying on diverse state

---

[9] Under 18 U.S.C. § 922(g)(1) (2015), "it shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

definitions." 673 F.Supp.2d at 1355 (quotations omitted). Rejecting the defendant's argument, the district court explained that

> several courts have applied an intermediate level of scrutiny to equal protection challenges to § 922(g)(1) and found that prohibiting felons from possessing firearms is substantially related to the important governmental objective of public safety and is therefore constitutional. *See, e.g.*, [*U.S. v.*] *Moore*, 2009 WL 1033363, at *4, 2009 U.S. Dist. LEXIS 32953, at *10 (concluding, with respect to "Equal Protection Clause" challenge, that § 922(g)(1) withstands intermediate scrutiny and quoting, among other cases, the Supreme Court's decisions in *United States v. Salerno*, 481 U.S. 739, 750, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (finding the Government's interest in preventing crime as not just important but compelling), and *Lewis v. United States*, 445 U.S. 55, 66, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (noting that in enacting § 922(g)(1), "Congress focused on the nexus between violent crime and the possession of a firearm by any person with a criminal record")); [*United States v.*] *Schultz*, 2009 U.S. Dist. LEXIS 234, at *15–16 ("Public safety is an important governmental objective"); [*United States v.*] *Radencich*, 2009 WL 127648, at *5, 2009 U.S. Dist. LEXIS 3692, at *13–14 (citing *Schultz*); see also *United States v. Bledsoe*, No. SA–08–CR–13(2)–XR, 2008 WL 3538717, at *4, 2008 U.S. Dist. LEXIS 60522, at *11 (W.D.Tex. Aug. 8, 2008) (finding that "public safety concerns . . . constitute important governmental objectives and, furthermore, that the statutes challenged by Defendant are substantially related to addressing those ends").

673 F.Supp.2d at 1355 (footnote omitted); *see also United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010) (felon in possession statute does not violate equal protection right under due process clause, even though status of felon determined differently from state to state).

12

Our Legislature has decided that crimes involving controlled substances that are serious enough to be classified as felonies in the jurisdictions where they are committed warrant depriving persons committing those offenses from possessing a firearm in West Virginia. We find this restriction permissible even under heightened scrutiny because it is substantially related to the important governmental interest of preventing crime and ensuring the public's safety. Thus, we find no merit to the petitioner's equal protection argument.

Based on all the above, we now hold that the plain language of West Virginia Code § 61-7-7(b)(2) prohibits a person previously convicted of a felony controlled substance offense in any jurisdiction from possessing a firearm in West Virginia. Therefore, an out-of-state felony controlled substance conviction may serve as the predicate felony conviction necessary for a charged violation of West Virginia Code § 61-7-7(b)(2) regardless of the classification of the crime in this State. In so holding, we recognize that the statute also clearly provides that the controlled substance involved in the prior felony must be a Schedule I, II, or III controlled substance, other than marihuana, as defined by West Virginia Code § § 60A-2-204, 60A-2-205, or 60A-2-206. Our holding today does not affect this portion of the statute. Rather, our decision pertains solely to the classification of the offense as a felony. Applying our holding to the case at bar, we find that the circuit court did not err in denying the petitioner's motion to dismiss his indictment

and his subsequent motion for acquittal. Accordingly, we affirm the petitioner's conviction and sentence.

## IV. Conclusion

For the foregoing reasons, the November 4, 2019, order of the Circuit Court of Summers County sentencing the petitioner to a determinate term of ten years imprisonment is affirmed.

Affirmed.