STATE OF WEST VIRGINIA *v.* WILLIAM MEADOWS

(No. 9241)

Submitted April 28, 1942. Decided June 2, 1942.

*G. C. Belknap,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

LOVINS, JUDGE:

William Meadows was convicted in the Circuit Court of Clay County upon an indictment charging the commission of a crime against nature, a previous conviction and sentence to the state penitentiary by the Circuit Court of Braxton County for a similar offense and a sentence to a Federal penitentiary by the Federal District Court for the Southern District of West Virginia, on a plea of guilty of violation of laws of the United States relating to removal and concealment of intoxicating liquor on which no tax was paid (Rev. Stat. U. S. 3296). A writ of error and supersedeas was granted to the order of the trial court overruling motions to set aside the verdict, and in arrest of judgment and sentencing Meadows to life imprisonment in the penitentiary under the provisions of the "Habitual Criminal Law", Code, 61-11-19, as amended by Chapter 26, Acts of 1939.

Code, 61-8-13, requires a penitentiary sentence upon a conviction for the principal offense charged in this indictment, and, under the provisions of Code, 61-11-19, as amended, when a person is sentenced to the penitentiary and has been "twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life * * *." The allegations of the indictment as to the previous conviction, plea of guilty and sentences were supported by certified copies of the judgments of the State and Federal courts, and the jury found Meadows "guilty as alleged in the indictment." The requirements of the remainder of Section 19, as amended, as to the allegation and admission or jury finding of the previous convictions were therefore satisfied, and, when the motions to set aside the verdict and in arrest of judgment were overruled, the trial court had no alternative but the imposition of the sentence as given.

Meadows urges that the evidence offered by the State was insufficient and unreasonable; that he did not receive a fair and impartial trial because of certain remarks and questions by the prosecuting attorney, and that it was error to permit the State to read into the record, over objection, the indictment and jury verdict on the first offense, in addition to the judgment of the Circuit Court of Braxton County thereon.

Three boys, aged, thirteen, fourteen and sixteen, respectively, testified as eyewitnesses to the alleged offense. They stated that, on the 21st of July, 1939, about noon, after tying their boat on the bank of the Elk River at the town of Clay, they proceeded up the bank and observed Meadows in the commission of the crime alleged, on the person of a man unknown to them. Meadows admitted being at the scene thus described, in the company of three or four other men, but denied the accusations and stated that they were engaged in drinking whiskey on the river bank at the time. His testimony was supported by that of four other witnesses, who were at the scene. In view of the direct conflict thus presented, we can not say that the jury was not justified in returning the verdict of guilty. The trial judge had opportunity to observe the witnesses and their demeanor on the stand, and has approved that verdict. We find nothing in the record to warrant a reversal on this ground. *State* v. *Barker,* 92 W. Va. 583, 115 S. E. 421.

During the cross-examination of a witness for the State, counsel for Meadows inquired about a threat made by the witness, and after he had disclaimed recollection of threatening Meadows, the prosecuting attorney volunteered this remark, in the presence of the jury: "I don't know whether the witness said anything or not, but I have been trying to run him out of the county for three or four years, Senator. I will make that statement right now". There was no objection, but Meadows' counsel rejoined with this remark: "It is so outstanding you don't need to make it. We know about it." On cross-examination of Meadows, the prosecuting attorney asked: "Don't you think the penitentiary is a pretty good place for you?"

An objection was sustained and the prosecutor withdrew the question. This was immediately followed by some interrogations relating to Meadows' activity and success in representing defendants in criminal proceedings in justices' courts in Clay County, which questioning culminated as follows:

"Q. Bill, you say we told you that we couldn't convict anybody in this county with you here?
"A. Yes, sir.
"Q. This is one time we are going to do it with you here, Mr. Meadows.
"Mr. Belknap: I object and move that the remark of the prosecuting attorney be stricken out.
"The Court: I don't think that is proper.
"A. That shows he has got it in for me. The jury understands that.
"Mr. Belknap: I want an exception in the record, and I am asking the Court to instruct the jury to disregard that remark, and I will say frankly I think it is an error.
"The Court: I don't think the remark ought to be regarded by the jury in considering the guilt of the defendant."

The statement and questions by the prosecuting attorney were improper, and exhibited uncalled for zeal and aggressiveness on his part. The question is: Did these improprieties constitute reversible error? No objection was made to the statement of the prosecuting attorney with reference to running the accused out of the county. In fact, counsel for Meadows engaged in the colloquy of which the statement is a part. The question with reference to the penitentiary being a good place for Meadows was withdrawn after objection thereto was sustained; the trial court instructed the jury not to consider those relating to conviction of Meadows just quoted, and Meadows volunteered an explanation of what the jury understood therefrom. We cannot say from this record that Meadows was prejudiced by the remark and questions of the prosecutor; nor was this a persistent effort to produce improper and prejudicial evidence as in the case of *State* v. *Morris and Johnson*, 96 W. Va. 291, 122 S. E.

914. A person accused of crime is entitled to a fair and impartial trial but not a perfect trial, perfection not being within the power of man. The action of the trial court in ruling on the objections was sufficient to cure any impropriety or error committed by counsel for the State. *State* v. *Hill,* 52 W. Va. 296, 43 S. E. 160.

The indictment upon which Meadows was convicted in the Circuit Court of Braxton County was introduced in evidence over objection and read to the jury. This indictment included the allegation of a "detestable and abominable crime against nature by * * * having carnal knowledge of the body of the said Clarence Dillon", (previously described therein as a male child about the age of thirteen). Meadows' counsel then moved to strike same from the record and instructed the jury to disregard it. The trial court thereupon admonished the jury not to consider it "as a circumstance tending to show that the defendant is guilty of the offense that he is being tried for now", and further to "not consider it as having any bearing whatever on his guilt or innocence in this trial." In *State* v. *Stout,* 116 W. Va. 398, 180 S. E. 443, this Court held that the reading of the indictment in a previous conviction was error, since it was necessary only to introduce a judgment to show a previous sentence to the penitentiary and identify the accused as the person formerly sentenced. Reference to the record in that case shows that the indictment in question was read to the jury over objection and that the trial court did not explain to the jury its limited purpose, as here. The amendment of the Habitual Criminal Law in 1939, does not lessen the applicability of the *Stout* case, since the order of sentence to a penitentiary necessarily shows a conviction by a jury or a plea of guilty. While we believe that the indictment for the first offense was unnecessary and superfluous, we can not say it was prejudicial to Meadows in view of the trial court's admonition to the jury. We do not wish to sanction such a method of proving previous conviction and sentence to the penitentiary, because to do so would, in effect, overrule the holding in *State* v. *Stout, supra,* but we believe the record shows that the

trial judge made it plain to the jury that the indictment read to them.was not to enter into their deliberations as to the charge being tried; and an instruction was given which further limited the evidence on this phase. The trial court committed no error in the modification and refusal of instructions tendered by the plaintiff in error.

We have made careful and searching examination of the record and find no reversible error. Therefore, the judgment of the Circuit Court of Clay County is affirmed.

*Affirmed.*