### PEOPLE *v.* McINTIRE.

1. CRIMINAL LAW—STATUTES—HABITUAL CRIMINALS—CONSTITUTION-
AL LAW—VALIDITY OF PRIOR CONVICTIONS.

   A State which makes its penal sanctions depend in part on the
   fact of prior convictions elsewhere, necessarily must assume
   the burden of meeting attacks on the constitutionality of such
   prior convictions, since constitutional guarantees should not
   be shorn of their vitality merely to facilitate the administration
   of a penal policy whereby the sentence on one conviction de-
   pends in part on a prior conviction (CLS 1961, § 769.12).

2. SAME—HABITUAL CRIMINALS—STATUTES—CONSTITUTIONAL LAW—
VALIDITY OF PRIOR CONVICTIONS.

   A defendant sentenced under a statute as an habitual criminal
   has the right to attack the prior convictions, upon which the
   habitual criminal charge is based, on the grounds that such
   prior convictions were unconstitutional (CLS 1961, § 769.12).

3. SAME—HABITUAL CRIMINALS—STATUTES—CONSTITUTIONAL LAW—
VALIDITY OF PRIOR CONVICTIONS.

   Defendant's 1945 felony conviction in Mississippi for attempted
   rape *held,* null and void, where defendant, who was 13 years
   of age at the time of the alleged offense, conducted his own
   defense before a jury, and the record is silent on either offer
   or waiver of counsel.

4. SAME—HABITUAL CRIMINALS—STATUTES—FELONY.

   An out-of-state felony conviction cannot be considered as a felony
   in connection with charges that a defendant is an habitual
   criminal, where the act of the defendant, if committed in
   Michigan, would not constitute a felony (CLS 1961, § 769.12).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5]  25 Am Jur, Habitual Criminals § 14.
[4]  25 Am Jur, Habitual Criminals § 15 *et seq.*

5. Same—Habitual Criminals—Statutes—Validity of Prior Convictions—Excess Sentence.

> Conviction of defendant as an habitual criminal *held,* reversed,
> where one of the 4 felonies underlying defendant's conviction
> was a conviction for attempted rape in Mississippi when de
> fendant was 13 years of age, the record thereof discloses that
> he conducted his own defense before a jury, being silent as
> to either offer or waiver of counsel, and defendant, had he
> committed the offense in Michigan, could not have been prose
> cuted as a felon or convicted of a felony at such age, hence,
> extra portion of sentence as an habitual criminal beyond term
> for maximum sentence for attempted rape is shed from sen
> tence to be served (CLS 1961, § 769.12).

Appeal from Berrien; Hadsell (Philip A.), J.
Submitted Division 3 March 7, 1967, at Grand
Rapids.   (Docket No. 2,348.)   Decided June 13,
1967.

George McIntire pleaded guilty to a charge of
being an habitual criminal on the basis of 4 felony
convictions.   Motion for new trial denied.   Defendant appeals.   Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John T. Hammond,*
Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for the people.

*Philip A. Brown,* for defendant.

Fitzgerald, P. J.   Appellate judges are occasionally faced with distasteful obligations.   Chief among
these is the duty to either overturn or mitigate a
sentence on a so-called "technicality," though the
reason is mandated by law.   Such a duty unfolds
before us here in dealing with a defendant who, at
time of one sentence, was addressed thus by the
trial court:

."I will now sentence you on the charge of assault with intent to rape.

"I want to make a few comments on this case. I heard this case, and it was only by the grace of the Almighty that I am not permitted to eliminate you from society forever. You haven't any business being loose in any public society because of your act. in that case. If I had the power, you would never get out of the penitentiary. I don't think you ever should be out of the penitentiary. You are a dangerous individual to all society. You should be eliminated."

So slender is the position of the prosecution in the instant case that the people in their brief, under the subhead "Argument", state, "Plaintiff-appellee submits no argument."

Having indicated a certain defensiveness about arriving at the result herein, we proceed to unravel the skein of facts:

Defendant is presently serving a sentence of 14 years 11 months to 14 years 11 months 2 weeks on a plea of guilty to a charge of 4 felony convictions as the result of a prosecution brought on supplemental information under CLS 1961, § 769.12 (Stat Ann 1954 Rev § 28.1084), the so-called habitual criminal act. He had also been sentenced to a 10-year maximum for assault with intent to rape and 4 years for larceny in a building, the sentences running concurrently.

. The supplemental information related *inter alia* that the defendant (identifying him by name and a number of aliases) was convicted on April 9, 1962, of the crime of larceny from a building in Berrien county and that this was a fourth felony, the previous 3 being:

1. Conviction of attempted rape in circuit court for the county of Sunflower, State of Mississippi, on September 22, 1945;

2. Conviction of assault with intent to do great bodily harm less than the crime of murder in the circuit court for the county of Berrien, State of Michigan, on October 24, 1955;

3. Conviction of assault with intent to rape in the circuit court for the county of Berrien, State of Michigan, on January 22, 1962.

It is the 1945 conviction in Mississippi that defendant attacks upon appeal, claiming it to be null and void because defendant was not advised of his constitutional rights and was not furnished counsel, and that, *ergo,* the Michigan habitual criminal conviction is invalid.

For the elucidation of the bench and bar of this State, we feel that it will be of more than passing interest to reproduce in full the only record unearthed by either prosecution or defense of the 1945 Mississippi conviction. No transcript of pretrial proceedings is available and the total record appears to be as follows:

"In the Circuit Court of Sunflower County, Mississippi

September 1945

"State of Mississippi

VS. 6034        J & V of Guilty as Charged

George Junior McIntosh

"This day came the district attorney who prosecutes for the State, came also the defendant in his own proper person, said defendant George Junior McIntosh having been arraigned on a former day of this term of court, on the indictment found and filed herein against him, charging him with attempt of rape, entered a plea of not guilty, both the State and the defendant announcing ready for trial, when there came a jury of 12 good and lawful men of Sunflower county, composed of Roy Barmer and 11 others who being duly elected empanelled and sworn to well and truly try the issue joined between the State and the defendant George Junior McIntosh,

after hearing all the testimony, the argument of
counsel and receiving the instructions of the court,
retired to the jury room to consider of their verdict,
when presently they returned into open court with
the following 'We, the jury find the defendant guilty
as charged.' It is therefore the order of the court
that the defendant be remanded to the county jail
there to await the further action of the court.

"/s/ S. F. DAVIS

Circuit Judge"

Following the jury finding of guilty, the court
entered the following order:

"IN THE CIRCUIT COURT OF SUNFLOWER COUNTY,
    MISSISSIPPI
              SEPTEMBER 1945
"STATE OF MISSISSIPPI
VS. NO. 6034          TEN YEARS
GEORGE JUNIOR McINTOSH

"This day came the district attorney who prose-
cutes for the State, came also the defendant, George
Junior McIntosh, in his own proper person, having
been tried and convicted on a former day of this
term of court on a charge of attempt rape, and now
being called to the bar of the court and asked if he
had anything to say why the sentence of law should
not be pronounced against him, answering naught;
it, is therefore, the sentence of the court that for
such his crime of attempt rape, the defendant,
George Junior McIntosh, serve a term of 10 years
in the State penitentiary and be held by the sheriff
of Sunflower county, Mississippi, until called for
by the traveling sergeant of said penitentiary.

"/s/ S. F. DAVIS

Circuit Judge"

That the record of the proceedings leaves some
gaping holes, even by 1945 standards, goes without
saying. Perhaps a significant factor is that defend-

ant conducted his own defense before a jury. More significant than this, however, is the startling revelation that at the time he was arraigned and tried for this offense, defendant was 13 years old.

We examine first the defense contention that the conviction is void because defendant was not furnished counsel. That he was tried and convicted without benefit of counsel is undisputed by the people and the record is silent on either offer or waiver of counsel.

A considerable body of authority would support a holding that the Mississippi conviction was null and void for the lack of counsel or an intelligent waiver thereof. Indeed, today scarcely a court in the land would permit a 13-year-old, under any circumstance, to be said to have waived counsel intelligently. On the general question of the right to attack habitual criminal sentences on the ground that the prior conviction was unconstitutional for lack of counsel, see *United States* v. *Fay* (1960), 184 F Supp 535; *United States* v. *Wilkins* (1962), 303 F2d 883; *United States* v. *LaVallee* (1962), 306 F2d 417; *Johns* v. *Cunningham* (1963), 319 F2d 1 and *United States* v. *Murphy* (1963), 214 F Supp 642.

Of particular interest is the case of *United States* v. *Jackson* (1957), 250 F2d 349, involving a Michigan conviction for rape, alleged to be invalid for lack of counsel, in a later prosecution under New York's multiple offender law.

Defendant Jackson was not represented by counsel and had never been advised that he was entitled to counsel, though Michigan's practice at that time did not require assignment of counsel in noncapital criminal cases and such was not mandatory until the adoption of Rule 35-A, Michigan Court Rules, which became effective September 1, 1947.*

---

* 318 Mich xxxix.—Reporter.

In reversing the conviction under the New York multiple offender law on the basis that the prior conviction in Michigan was unconstitutional, the court said:

"To the extent that any State makes its penal sanctions depend in part on the fact of prior convictions elsewhere, necessarily it must assume the burden of meeting attacks on the constitutionality of such prior convictions. Constitutional guarantees should not be shorn of their vitality merely to facilitate the administration of a penal policy whereby the sentence on one conviction depends in part on a prior conviction."

While we feel we would be justified and amply supported in stating that present considerations render the Mississippi conviction null and void, we are persuaded that an even more fundamental reason must render the Mississippi conviction a nullity.

It is noted that the statute under which defendant was prosecuted as an habitual criminal contains the following:

"A person who after having been three times convicted within this State, of felonies or attempts to commit felonies, *or under the law of any other State, government or country, of crimes which if committed within this State would be felonious,* commits any felony within this State is punishable upon conviction as follows". (Emphasis supplied.)

A hard fact remains, and one which we must raise *sua sponte,* that the defendant in this case could not have been convicted of the felony of attempted rape in Michigan, that the crime as regards this 13-year-old defendant would not have been "felonious" as required by the habitual criminal statute. At age 13, defendant could not have been prosecuted for the crime as a felon and indeed could not be convicted of a felony. *In re Mould* (1910), 162 Mich 1.

This basic protection afforded juveniles by Michigan law must be viewed as encompassing defendants who are later sought to be prosecuted under penal sanctions imposed here but derived from convictions in other States. What was not "felonious" here cannot be said to be felonious in Mississippi for our statute's purposes and then added to defendant's Michigan record for the purpose of seeking an habitual criminal conviction. Under our law, at 13, defendant would have been under the jurisdiction of the juvenile division of probate court and not charged with a felony. He could not have been waived to circuit court at that age to be tried as a felon. Accordingly, under no view of the statute can this defendant's crime be considered one "felonious" within this State.

A *contra* argument could be advanced, *i.e.,* that attempted rape is a felony on the statute books of the State of Michigan and that penal sanctions can be imposed under our laws for having such a conviction on his record. We believe, however, that the entire record must be viewed from the context of *this* defendant's amenability to the laws of *this* State and for reasons stated before, the Mississippi conviction is a nullity for inclusion in a prosecution under our habitual criminal statute.

The sentence as an habitual criminal must be set aside. Since the sentence for larceny, for which defendant was convicted in 1962, has been served, the net effect is that he must complete the 10-year maximum sentence accorded him for attempted rape in Berrien county in 1962. The extra 4 years, 11 months and 2 weeks which he would have served under the habitual criminal sentence will be shed from the time he must serve in prison.

It is this technicality spoken of at the outset of this opinion that affords defendant a measure of

relief before this Court. It is a relief reluctantly given, but which, if this is to be a government of laws, must be given.

Other questions raised on appeal relative to the necessity of advising defendant of his right to trial need not be considered in the light of the resolution of the first question on appeal.

Reversed.

BURNS and HOLBROOK, JJ., concurred.