350 S.E.2d 565

Ronnie R. JUSTICE

v.

Jerry **HEDRICK**, Warden, Huttonsville Correctional Center.

No. 16897.

Supreme Court of Appeals of West Virginia.

Nov. 13, 1986.

**54**

Shawn P. George, Jackson, Kelly, Holt & O'Farrell, Charleston, for petitioner.

Atty. Gen. Charlie Brown, Asst. Atty. Gen. Mary Rich Maloy, Charleston, for respondent.

McHUGH, Justice:

This case is before this Court upon the petition of Ronnie R. Justice for a writ of habeas corpus. It arises from an order entered on April 29, 1985, by the Circuit Court of Mingo County in which the petitioner was sentenced to an indeterminate period of not less than one nor more than ten years. The petitioner was convicted of voluntary manslaughter, and he was given a five-year sentence enhancement imposed pursuant to the West Virginia Habitual Criminal Statute. *W.Va.Code,* 61–11–18 [1943]. This Court has before it the petition for the writ of habeas corpus, the response to the petition, all matters of record and briefs.

## I

Following the petitioner's conviction of voluntary manslaughter with the use of a firearm on July 31, 1984, the State filed an information charging him as an habitual criminal pursuant to the recidivist statute. The information specifically charged that the petitioner had been previously convicted of two felonies in the State of Michigan: (1) attempted breaking and entering of a business establishment in June of 1966, for which he was sentenced to imprisonment for a period of not less than one and one-half nor more than five years; and (2) escaping from prison in October of 1967, for which he was sentenced to imprisonment for a period of not less than one year and four months, nor more than three years. The petitioner was under 18 years of age when the initial offense occurred.

In adherence to a plea agreement with the State, the petitioner admitted that he was the person named in the information and that he had been convicted of attempted breaking and entering in 1966. In accordance with the plea bargain, the State moved to dismiss the charge in the information relating to the escape conviction.

The court then imposed sentence based on the voluntary manslaughter conviction. The petitioner was sentenced for an indeterminate period of not less than one year nor more than ten years pursuant to the recidivist statute, which added a five-year enhancement to the sentence for the principal offense. The court further ordered that the petitioner serve not less than three years of the sentence, since the jury found that he had committed voluntary manslaughter with the use of a firearm. *W.Va.Code,* 62–12–13(a)(1)(A) [1981, 1986].

## II

The primary issue now before us is whether a felony conviction from another jurisdiction, for an offense which in West Virginia would be prosecuted by "a petition

alleging that the child is a delinquent child," may be used in subsequent criminal proceedings to enhance the defendant's sentence pursuant to the state recidivist statute. *W.Va.Code,* 61–11–18 [1943].[1]

The petitioner contends that the trial court erred in permitting the prosecution to use the habitual criminal statute to add five years to his sentence because he was a minor when convicted of the Michigan crime and, under West Virginia law, would have been subject to the juvenile jurisdiction of the circuit courts.

The pertinent portion of the West Virginia Habitual Criminal Statute provides:

When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen of this article, that such person had been before *convicted in the United States of a crime punishable by imprisonment in a penitentiary,* the court shall if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would otherwise be sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence. [emphasis added]

. . . .

*W.Va.Code,* 61–11–18 [1943]. *See State ex rel. Ringer v. Boles,* 151 W.Va. 864, 157 S.E.2d 554 (1967); *State ex rel. Beckett v. Boles,* 149 W.Va. 112, 138 S.E.2d 851 (1964).

This Court has upheld the validity of the state recidivist statute against various constitutional challenges. *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980); *Martin v. Leverette,* 161 W.Va. 547, 244 S.E.2d 39 (1978); *State v. Graham,* 68 W.Va. 248, 69 S.E. 1010 (1910), *aff'd,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912).

This Court has adopted a strict construction of the state's recidivist statute. Syllabus point 2 of *Wanstreet v. Bordenkirch-*

er, 166 W.Va. 523, 276 S.E.2d 205 (1981), *quoting State ex rel. Ringer v. Boles,* 151 W.Va. 864, 871, 157 S.E.2d 554, 558 (1967) states:

'Habitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory. In such proceedings, a court has no inherent or common law power or jurisdiction. Being in derogation of the common law, such statutes are generally held to require a strict construction in favor of the prisoner.'

The primary purpose of the recidivist statute is to deter persons who have been convicted and sentenced previously on penitentiary offenses, from committing subsequent felony offenses. *State v. McMannis,* 161 W.Va. 437, 441, 242 S.E.2d 571, 574–75 (1978); *Moore v. Coiner,* 303 F.Supp. 185, 188 (N.D.W.Va.1969).

In resolving the issue now before us, it is imperative that we consider not only the policy considerations surrounding the recidivist statute but also the State's public policy concerning juveniles and juvenile adjudications. *W.Va.Code,* 49–1–1 [1981], *et seq.,* and 49–5–1 [1982], *et seq.,* constitute part of a comprehensive legislative scheme relating to the handling, disposition and rehabilitation of juvenile offenders. Part of the purpose and intent behind those provisions is to protect the anonymity of juvenile offenders and to assure they are afforded a fresh start when they reach their majority. *State v. Van Isler,* 168 W.Va. 185, 186–87, 283 S.E.2d 836, 837 (1981); *see also State ex rel. Daily Mail Publishing Co. v. Smith,* 161 W.Va. 684, 248 S.E.2d 269 (1978), *aff'd,* 443 U.S. 97, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979). The State's child welfare laws, *W.Va.Code,* 49–1–1 [1982], *et seq.,* "reflect the intention of the legislature to separate, with respect to definition, trial and punishment, the wrongful acts of children from the criminal acts of adults." *State ex rel. Slatton v. Boles,* 147 W.Va. 674, 682, 130 S.E.2d 192, 197 (1963).

---

1. Although several errors were assigned by the petitioner in his brief, the petitioner focuses on this particular issue. Because of the conclusion we reach on this issue, we decline to address the remaining contentions.

Various jurisdictions have considered whether juvenile convictions from other states should be utilized for enhancement purposes pursuant to their respective recidivist laws. The Court of Appeals of New York recognized that a juvenile defendant's previous California conviction could not be used as a basis for his subsequent conviction in New York as a second felony offender, when he would have been eligible for youthful offender treatment in New York for the initial offense. *People v. Carpenteur,* 21 N.Y.2d 571, 289 N.Y.S.2d 615, 236 N.E.2d 850 (1968). Other states have found it improper to use convictions from other jurisdictions, that would have been juvenile offenses within their borders, to support enhanced punishment as an habitual offender. *Fletcher v. State,* 409 A.2d 1254 (Del.1979); *People v. McIntire,* 7 Mich.App. 133, 151 N.W.2d 187 (1967).[2]

■ Our state statutes and corresponding case law evidence an intent to treat juvenile offenders differently than adult offenders.[3] *See Fletcher v. State,* 409 A.2d 1254, 1256 (Del.1979); *see also People v. McIntire, supra,* 7 Mich.App. at 140, 151 N.W.2d at 191. We therefore conclude that it would be inconsistent with that protective purpose to allow the use of convictions from other jurisdictions, which would have been juvenile offenses in West Virginia and thus not felonies, to support enhanced punishment under the State's recidivist statute. The Michigan conviction of attempted breaking and entering, therefore, may not be used for enhancement purposes pursuant to the West Virginia Habitual Criminal Statute.

Accordingly, we hold that where a defendant has been convicted of a crime in another jurisdiction, which defendant in West Virginia would have been treated as a juvenile offender, such prior conviction may not be used in subsequent West Virginia proceedings to enhance the defendant's sentence pursuant to the West Virginia Habitual Criminal Statute.

## III

Another aspect of this case is that the defendant was convicted of attempted breaking and entering, which in Michigan constituted a felony. However, in West Virginia that offense is classified as a misdemeanor. *W.Va.Code,* 61–11–8 [1966].

This Court has recognized that not all jurisdictions classify crimes in the same manner. *See State v. Lawson,* 125 W.Va. 1, 22 S.E.2d 643 (1942). *Lawson* involved a defendant who was sentenced to life imprisonment under the recidivist statute. This Court awarded him a new trial after determining that the introduction of prison photographs into evidence constituted reversible error. While considering the application of the recidivist statute, this Court stated that "[i]t is conceivable that there may be crimes which are punishable by confinement in a penitentiary in other jurisdictions and that the same crimes would be classed as misdemeanors under our laws." 125 W.Va. at 5, 22 S.E.2d at 645. If such occasion were to arise, the Court continued, "it would seem proper that the laws of this State should be considered in determining the grade of the crime for which there have been former convictions." 125 W.Va. at 5, 22 S.E.2d at 645.

This Court has excluded from consideration as prior felonies those offenses punishable as felonies only because the defendant repeatedly committed the offense that was itself a misdemeanor. *State v. Brown,* 91 W.Va. 187, 112 S.E. 408 (1922). In *Brown,* the Court explained that felonies within the scope of the recidivist statute must be those that are felonies because of the "character of the offense." *Id.,* syl. pt. 4.

■ Other jurisdictions, in applying recidivist statutes, have determined that out-of-state felony convictions for offenses

---

2. Two opinions of the West Virginia Attorney General have suggested that the State's use of a juvenile offense as the basis for imposing the recidivist statute would be improper. See 46 Op. Att'y Gen. 200 (1955); 45 Op. Att'y Gen. 3 (1952).

3. At this time, we need not address the issue concerning the use of the recidivist statute to enhance the punishment of habitual juvenile offenders who have been treated as adult offenders pursuant to *W.Va.Code,* 49–5–10 [1978].

which do not constitute felonies pursuant to their respective state statutes may not be used for enhancement purposes. *Fletcher v. State,* 409 A.2d 1254 (Del.1979); *People v. McIntire,* 7 Mich.App. 133, 151 N.W.2d 187 (1967); *People v. Carpenteur,* 21 N.Y.2d 571, 289 N.Y.S.2d 615, 236 N.E.2d 850 (1968); *see also Commonwealth v. Brumfield,* 224 Va. 250, 295 S.E.2d 878 (1982).

Accordingly, whether the conviction of a crime outside of West Virginia may be the basis for application of the West Virginia Habitual Criminal Statute, *W.Va.Code,* 61–11–18, –19 [1943] depends upon the classification of that crime in this State.

For the reasons stated in this opinion, the plea agreement and the additional five years added to the petitioner's sentence on the basis of the prior Michigan conviction of attempted breaking and entering are void and unenforceable, and the prisoner is hereby relieved in this habeas corpus proceeding from serving that portion of the sentence. *State ex rel. Ringer v. Boles,* 151 W.Va. 864, 871, 157 S.E.2d 554, 558 (1967). The petitioner's one-to-five-year sentence for voluntary manslaughter, which was imposed pursuant to *W.Va.Code,* 61–2–4 [1931], with a minimum confinement of three years because he committed the felony "with the use of a firearm," *W.Va.Code,* 62–12–13(a)(1)(A) [1981, 1986], remains in effect.[4]

For the foregoing reasons, the writ is granted.

Writ granted.

---

**4.** Because of our decision concerning the petitioner's attempted breaking and entering conviction, we need not address the escape issue.