**FILED**

**August 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Travis R. Norwood,**
**Petitioner Below, Petitioner**

**vs.)  No. 20-0077** (Greenbrier County 19-C-130)

**Donnie Ames, Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Travis R. Norwood, by counsel Justin M. Collin, appeals the December 31, 2019, order of the Circuit Court of Greenbrier County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent of Mount Olive Correctional Complex, by counsel Lara Bissett, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2016, petitioner was indicted on one count of delivery of heroin. John C. Anderson II (hereinafter "trial counsel") was appointed to represent petitioner. Petitioner's case proceeded to trial on the felony drug charge. During the trial, petitioner's trial counsel cross-examined all prosecution witnesses and argued during his closing argument that the chain of custody of the heroin had not been established and that the evidence was insufficient to find beyond a reasonable doubt that petitioner had committed the crime. The jury found petitioner guilty of the charged offense.

Following petitioner's conviction, the State filed a recidivist information asserting that petitioner had previously been convicted of two felonies in Virginia. The first prior conviction was for the felony offense of eluding police in 2008, in violation of Virginia Code § 46.2-817. Petitioner was sentenced to four years of incarceration on that charge, but the Virginia court suspended three years and eight months of that sentence and ordered that petitioner be placed on supervised probation following his release from incarceration. The second prior conviction was for the felony offense of selling, giving, distributing, or possessing with the intent to sell, give, or

1

distribute more than one-half ounce, but not more than five pounds of marijuana in 2016 in violation of Virginia Code § 18.2-248.1. Petitioner was sentenced to two years of incarceration on that charge, but the Virginia court directed that the balance of the sentence be suspended after petitioner served sixty days in jail and ordered that petitioner be placed on unsupervised probation.

Days after the recidivist information was filed, petitioner's trial counsel filed a motion to withdraw from his representation of petitioner. The court granted the motion, and ultimately, Jeffrey S. Rogers (hereinafter "recidivist counsel") was appointed to represent petitioner. Petitioner also retained another attorney to represent him, E. Lavoyd Morgan, Jr. (hereinafter "retained counsel"); however, petitioner's retained counsel never entered an appearance on behalf of petitioner.[1]

Petitioner was represented at the recidivist trial by his recidivist counsel. The circuit court instructed the jury in the recidivist trial that the prior two Virginia convictions were felony convictions "for which a penitentiary sentence could be imposed under the laws of the State of West Virginia." The jury found that petitioner was the same person who was previously convicted of the two felony offenses in Virginia. Thereafter, the court had the following discussion with petitioner's recidivist counsel:

> THE COURT: Should we proceed to sentencing at this point or do you want to have time to discuss the issue prepare any – you may have some motions you want to make before we get to that point. I'll be glad to defer sentencing to give you the opportunity to do that.
> MR. RODGERS: Your Honor, I've discussed all that with Mr. Norwood at length last week, and I think he's aware that he would face sentencing today inasmuch as there is no discretion in the statute, and he's prepared to be sentenced.
> THE COURT: Well, the defendant does have the opportunity if he wishes to make a proportionality type argument. I would note that the offenses for which the defendant has been found to have been convicted in the Commonwealth of Virginia include one that involves an element of recklessness and danger to the public, which would be akin to the danger presented and the potential violence associated with driving under the influence or similar type of conviction, but if you want to make the argument, Mr. Rodgers, I want to give you every opportunity to present your case and to flesh it out as fully and to make whatever record you want to make.
> MR. RODGERS: He's prepared to be sentenced today, Your Honor, and waive that.
> THE COURT: Well, Mr. Rodgers, do you wish to be heard on the issue of sentencing?
> MR. RODGERS: No, Your Honor.
> THE COURT: Mr. Norwood, is there anything that you would like to say

---

[1] E. Lavoyd Morgan, Jr.'s law license was annulled in *Lawyer Disciplinary Board v. Morgan*, 243 W. Va. 627, 849 S.E.2d 627 (2020). Mr. Morgan's failure to return petitioner's unearned retainer fee of $7,500.00 formed part of the basis for the annulment of Mr. Morgan's law license.

by way of mitigation of your punishment or otherwise?

THE DEFENDANT: Nothing I can think of, Your Honor.

THE COURT: Anything that you'd like to put on the record that the Supreme Court can see if you choose to file an appeal in this case?

THE DEFENDANT: No, thank you, Your Honor.

Thereafter, the court sentenced petitioner to a term of life in the penitentiary pursuant to West Virginia Code § 61-11-18(c) (2000).[2]

Petitioner filed a direct appeal, arguing, among other things, that his sentence of life in prison violated the proportionality clause contained in Article III, Section 5 of the West Virginia Constitution.[3] The Court concluded that petitioner's sentence did not violate proportionality principles, finding that petitioner's conviction for evading police carries a risk of violence; however, the Court noted:

> Defendant Norwood was convicted of both prior felonies in the Commonwealth of Virginia. This Court has previously held, "[w]hether the conviction of a crime outside of West Virginia may be the basis for application of the West Virginia Habitual Criminal Statute, W. Va. Code, 61-11-18, -19 (1943), depends upon the classification of that crime in this State." Syllabus Point 3, *Justice v. Hedrick*, 177 W. Va. 53, 350 S.E.2d 565 (1986). *See also State v. Lawson*, 125 W. Va. 1, 5, 22 S.E.2d 643, 645 (1942)("It is conceivable that there may be crimes which are punishable by confinement in a penitentiary in other jurisdictions and that the same crimes would be classed as misdemeanors under our laws. In such event, it would seem proper that the law of this State should be considered in determining the grade for the crimes for which there has been a former conviction.").

> The trial transcript shows that the circuit court discussed this exact point at length with counsel on the record, even granting a recess which afforded counsel the further opportunity for review. No objection was lodged, and – while the court did not specify what West Virginia felony was analogous to the Virginia evading police statute – the court instructed the jury that both prior Virginia convictions would constitute felonies "for which a penitentiary sentence could be imposed under the laws of the State of West Virginia."

*State v. Norwood*, 242 W. Va. 149, 159 n.3, 832 S.E.2d 75, 85 n.3 (2019). The Court affirmed petitioner's conviction and sentence.

---

[2] W. Va. Code § 61-11-18(c) (2000) provides, in pertinent part, "When it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life." We note that this section of the Code underwent substantial amendments following petitioner's recidivist trial and sentencing.

[3] On appeal, petitioner was represented by Robert P. Dunlap II and Sarah F. Smith.

On October 3, 2019, petitioner, without the assistance of counsel, filed a petition for writ of habeas corpus in the circuit court. Therein, he argued three separate ineffective assistance of counsel claims: (1) that he was denied effective assistance by his retained counsel when his retained counsel "was retained for the recidivist trial, and failed to show up, forcing me to have a recidivist trial with court appointed counsel," and when his retained counsel "also failed to file a[n] order [substituting] counsel with the clerk of circuit court on my behalf"; (2) that he was denied effective assistance of counsel by his recidivist counsel when his recidivist counsel "convinced me [to] waive the proportionality challenge on a life sentence, for a felony conviction that may carry a sentence of 1-15 years in the penitentiary, but does not require mandatory confinement"; (3) that he was denied effective assistance of counsel by his trial counsel when his trial counsel "made no [pretrial] motion," "made zero objections during my trial," and "had a conflict of interest that would [have] prejudice[d] him."

On December 31, 2019, the circuit court entered an order summarily denying the petition. With regard to petitioner's claim concerning his retained counsel, the circuit court found that the trial court had not "disqualif[ied] any attorney chosen by the Petitioner who sought to appear on his behalf, nor did the trial court otherwise deprive the Petitioner of the opportunity to retain counsel of his own choosing." The circuit court further found that petitioner had not explained what his retained counsel would have done differently from his recidivist counsel or how the outcome of his recidivist trial or sentencing would have been different had his retained counsel been involved. The court concluded that petitioner "was not deprived of effective assistance of counsel merely because he did not have the benefit of his preferred counsel."

With regard to petitioner's argument concerning the performance of his recidivist counsel, the circuit court said:

> One might reasonably question why the Petitioner's counsel did not at least put forward an argument on his behalf regarding the imposition of a life sentence. Since the date of the Petitioner's sentencing, the Supreme Court of Appeals has in several cases found life sentences imposed pursuant to W. Va. Code § 61-11-18 to be unconstitutional based upon principles of proportionality. *See State v. Lane*, 241 W. Va. 532, 826 S.E.2d 657 (2019); *State v. Hoyle*, [242 W. Va. 599, 836 S.E.2d 817 (2019)]; *State v. Kilmer*, 240 W. Va. 185, 808 S.E.2d 867 (2017); *Hundley v. Mirandy*, No. 16-1111 (W. Va. Apr. 5, 2018) (unpublished memorandum decision). At worst, such an argument would have been rejected in the Petitioner's case, and he would have been sentenced to life in prison – the same sentence imposed upon the Petitioner following his waiver. On the other hand, had such an argument been accepted, the Petitioner would have avoided a life sentence.

Citing Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), the circuit court went on to conclude that petitioner could not prevail on his ineffective assistance claim because he could not show that the outcome of his case would likely have been different had his recidivist

4

counsel made a proportionality argument.[4] The court said, "Here, there is no need to speculate as to the viability of the Petitioner's proportionality argument, because that argument was actually asserted in the Petitioner's appeal of his conviction and sentence, and was rejected on its merits by a majority of the Supreme Court of Appeals." The court went on to state:

> There is absolutely no reason to believe that the Supreme Court of Appeals would have ruled differently as to the Petitioner's sentence, had the Petitioner's counsel asserted a proportionality argument before the Circuit Court at the time of sentencing. Even if counsel's advocacy on behalf of the Petitioner might have been sufficient to convince the Circuit Court that a life sentence was disproportionate, contrary to what was ultimately determined by the Supreme Court of Appeals, he is not entitled to habeas relief on those grounds, as a criminal defendant has no constitutional right to an erroneous decision in his or her favor.

Finally, regarding petitioner's argument concerning the performance of his trial counsel, the circuit court found that petitioner had failed to identify any motions or objections his trial counsel should have raised. Citing *Markley v. Coleman*, 215 W. Va. 729, 601 S.E.2d 49 (2004), the circuit court concluded, "In the absence of any allegations as to specific motions that the [p]etitioner asserts should have been filed, or as to any obligations that should have been asserted, the [p]etitioner's claims are subject to summary dismissal." The court also found that petitioner had not identified any facts in support of his claim that his trial counsel had a conflict of interest, concluding that petitioner had "set forth no basis upon which he would be entitled to relief due to an alleged conflict of interest on the part of his trial counsel."

Petitioner now appeals the circuit court's December 31, 2019, order to this Court. In his sole assignment of error, petitioner asserts that the circuit court abused its discretion by failing to appoint counsel or hold an omnibus hearing to address trial counsel's failure to file motions or make objections below and recidivist counsel's failure to argue against the proportionality of a life sentence on the ground that petitioner's felony conviction in Virginia for eluding police might have been classified as a misdemeanor offense in West Virginia. We have held that,

> "[i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law

---

[4] In Syllabus Point 5 of *Miller*, the Court held:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

194 W. Va. at 6, 459 S.E.2d at 117, Syl. Pt. 5.

5

are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

We begin our analysis by observing that "a petitioner for habeas corpus relief is not entitled, as a matter of right, to a full evidentiary hearing in every proceeding instituted under the provisions of the post-conviction habeas corpus act[, §§ 53-4A-1 to -11]." *Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 812-13 (1984)*.* "Indeed, where the allegation[s] in the petition are completely without substance or merit, the statute requires no hearing at all and empowers the court to deny relief summarily." *Id.* at 688, 319 S.E.2d at 813 (citing *Thomas v. Leverette*, 161 W. Va. 224, 239 S.E.2d 500 (1977)). We have held that

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973); *see also* W. Va. Code § 53-4A-7(a), in part ("If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, . . . the court shall enter an order denying the relief sought.").

A circuit court's refusal to appoint counsel or hold a full evidentiary hearing is reviewed for an abuse of discretion. *See State v. Breeding*, No. 11-0334, 2011 WL 8199163, at \*3 (W. Va. Sept. 13, 2011) (memorandum decision) ("As for petitioner's claims that he was entitled to counsel because he presented a colorable claim for habeas relief, the circuit court was also within its discretion to deny counsel . . . ."); *Gibson*, 173 W. Va. at 688, 319 S.E.2d at 813 ("[T]he post-conviction habeas corpus statute leaves the decision of whether to conduct an evidentiary hearing . . . in large part to the sound discretion of the court before which the writ is made returnable."). "This discretion is not unlimited, however, and the court must be guided by the necessities of each particular case." *Gibson*, 173 W. Va. at 688-89, 319 S.E.2d at 813. Counsel should be appointed and an evidentiary hearing held when "it appears to the court . . . that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived[.]" W. Va. Code § 53-4A-7(a), in part.

Petitioner's first contention on appeal is that the circuit court should have appointed counsel and held an omnibus hearing to examine his trial counsel's failure to file motions or make objections. As noted above, the circuit court relied on *Markley* in summarily dismissing petitioner's claim that his trial counsel was ineffective on this ground. In that case, Brian Markley

had been convicted of multiple crimes for which he received an effective sentence of thirty-three to fifty-one years of imprisonment. 215 W. Va. at 731, 601 S.E.2d at 51. Mr. Markley's direct appeal was refused by this Court, and his first petition for writ of habeas corpus, which he filed in the Circuit Court of Berkeley County with the assistance of counsel, was denied following an evidentiary hearing. *Id.* Mr. Markley's appeal of that decision was refused by this Court. *Id.* Mr. Markley proceeded to file a second habeas corpus petition, without the assistance of counsel, alleging his appointed counsel in his first habeas action was ineffective. *Id.* at 731-32, 601 S.E.2d at 51-52. As factual support for his claim, he

> alleged that counsel failed to "investigate any of the evidence," that counsel "did not speak to any of the witnesses," and that counsel "did not focus on any other issues, other than the issue of ineffective [assistance of] counsel [at the trial level]." [Mr. Markley] also alleged that his habeas corpus counsel was "not properly prepared or experienced" and "did not file documents that [Mr. Markley] asked him to file" at the [Mr. Markley]'s original habeas corpus hearing.

*Id.* at 732, 601 S.E.2d at 52 (footnote omitted). The lower court summarily denied the petition, and Mr. Markley appealed the decision to this Court. *Id.*

The Court affirmed the lower court's summary denial. *Id.* at 735, 601 S.E.2d at 55. The Court said:

> Whether in the first habeas corpus petition or a subsequent habeas corpus petition, habeas corpus allegations must have adequate factual support. "A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing."

*Id.* at 734, 601 S.E.2d at 54 (quoting *Losh v. McKenzie*, 166 W. Va. 762, 771, 227 S.E.2d 606, 612 (1981)). The Court found that Mr. Markley had failed to "provide adequate factual support for his allegation of ineffective assistance of habeas corpus counsel" and that the allegations in his petition consisted of "blanket assertions [that] [did] not provide adequate factual support from which the circuit court [could] make a ruling on the allegation of ineffective assistance of habeas corpus counsel." *Id.* The Court was careful to note, however, that

> [b]ecause [Mr. Markley] had not previously waived the issue of ineffective assistance of habeas corpus counsel, nor has the circuit court "fully addressed" the issue, the circuit court's dismissal of [Mr. Markley]'s ineffective assistance of habeas corpus counsel allegation for a lack of factual support is not a "final adjudication." [Mr. Markley] may re-file his petition, with adequate factual support, pursuant to Rule 4(c) of *Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia*.

*Id.* at 735, 601 S.E.2d at 55.

Petitioner argues that the facts of *Markely* are distinguishable from those in the present case because Mr. Markley had personal knowledge of the factual support for each of the blanket

7

assertions in his petition and simply failed to include that factual support in his petition. Petitioner contends that, unlike Mr. Markley, it was unreasonable for the circuit court to require petitioner, who is not a lawyer, to articulate what motions his trial counsel should have filed and what objections his trial counsel should have made. He argues that, pursuant to *Gardner v. United States*, 680 F.3d 1006, 1007 (7th Cir. 2012), his trial counsel should have filed a motion to suppress the drugs, which he contends is a standard motion in a drug case.

In response, respondent asserts that petitioner was present at his own trial and should have personal factual knowledge of the motions and objections he believes should have been made on his behalf. Respondent states that the *Gardner* decision has no applicability to this case because the *Gardner* court found that the defendant's trial counsel's misapprehension of the law prevented him from filing a motion to suppress. In reply, petitioner accuses respondent of conflating factual knowledge with legal knowledge. He argues that it is unreasonable to expect him, a non-lawyer, to know specifically which motions should have been filed and which objections should have been made.

We find no merit to petitioner's position. We find that *Gardner* is not instructive, as that case involved the suppression of a gun, not drugs, and the case does not state that the filing of a motion to suppress is standard in any particular instance. We further find that the facts of *Markley* are comparable to those before us now. Petitioner's statements that his trial counsel "made no [pretrial] trial motion" and "made zero objections during my trial" are merely blanket assertions that provide no factual support from which the circuit court could make a ruling as to whether petitioner's trial counsel was ineffective. Accordingly, we conclude, as the Court implicitly did in *Markley*, that the circuit court did not abuse it's discretion by denying the petition as to this claim without first appointing counsel or holding an evidentiary hearing.

Petitioner's second contention on appeal is that the circuit court should have appointed counsel and held an omnibus hearing "because Petitioner's recidivist counsel failed to argue against the proportionality of a life sentence by not objecting to the use of an out of State conviction for sentence enhancement purposes when the conviction might be classified as a misdemeanor in West Virginia." Through this contention, petitioner is effectively arguing that his recidivist counsel was ineffective by failing to ensure that petitioner's conviction for eluding police could have served as a predicate felony conviction for his recidivist charge and sentence. On appeal, petitioner claims that the facts underlying his conviction for eluding police have never been developed and that depending on those facts, his conviction for eluding police may be classified as a misdemeanor in West Virginia pursuant to Syllabus Point 3 of *Justice v. Hedrick*, 177 W. Va. 53, 350 S.E.2d 565 (1986), which would preclude the crime from serving as a predicate conviction for his recidivist charge. This contention does not, as petitioner's assignment of error suggests, implicate proportionality principles. Rather, the issue is whether petitioner's recidivist counsel was ineffective by failing to ensure petitioner was properly determined to be a recidivist in the first instance.

The issue of whether petitioner's recidivist counsel was ineffective by failing to ensure petitioner was properly determined to be a recidivist was not raised in petitioner's habeas corpus petition. The petition simply alleged that petitioner's recidivist counsel "convinced me [to] waive the proportionality challenge on a life sentence, for a felony conviction that may carry a sentence

of 1-15 years in the penitentiary, but does not require mandatory confinement." The allegation in the petition is different and distinct from petitioner's argument on appeal. Consequently, it is unsurprising that the circuit court did not address whether petitioner was properly determined to be a recidivist when it denied the habeas corpus petition. In that the issue raised in this appeal was never presented to the circuit court, we cannot find that the circuit court abused its discretion by refusing to appoint counsel or hold an evidentiary hearing on the issue.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 16, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

Hutchison, Justice, dissenting:

During the course of a two-days long criminal trial on a serious felony charge, petitioner's trial counsel failed to make a single objection. Similarly, prior to trial, counsel filed nary a motion. Petitioner was convicted and now suspects that, as a result of trial counsel's omissions, he may have received ineffective assistance of counsel. We may never know whether counsel's performance was (or was not) objectively deficient because the circuit court, and now the majority of this Court, denied petitioner habeas relief because he is unable to identify, on his own, what pre-trial motions trial counsel should have filed and which objections counsel should have made. Because I believe that imposing such a burden on petitioner, a non-lawyer, defies common sense and is fundamentally unfair, I respectfully dissent to the majority's conclusion that petitioner was not entitled to the appointment of habeas counsel and an omnibus evidentiary hearing to explore his complaint that he received ineffective assistance of counsel at trial.

It has long been understood that claims of ineffective assistance of counsel involve a two-pronged test to establish whether "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Further, courts review counsel's performance under "an objective standard to

9

determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Id.* at syl. pt. 6, in part. Thus, in a habeas proceeding, the question to be determined is "whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." *Id.*

Importantly, we have recognized that "[t]o the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim," *without an adequate record*, "the egregiousness of many of the claimed deficiencies" cannot be determined. *Id.* at 15, 459 S.E.2d at 126. To that end, "the most significant witness" in such a claim is the trial attorney, who should be "given the opportunity to explain the motive and reason behind his or her trial behavior." *Id.* Absent the appointment of counsel and a hearing in this case, it is impossible to legitimately ascertain whether trial counsel's failure to either file pre-trial motions or raise any objections at trial were simply strategic decisions or, instead, objectively unreasonable ones made outside the broad range of professionally competent assistance. Because petitioner was deprived of the basic opportunity to meaningfully prosecute his petition for habeas relief, I believe the circuit court's order summarily denying the petition should be reversed, and the matter remanded for the appointment of counsel and an evidentiary hearing. Accordingly, I respectfully dissent, and I have been authorized to state that Justice Wooton joins me in dissenting from the majority decision.