**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Joshua Dwayne Plante,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-704** (Cabell County 21-C-382)

**Josh Ward, Interim Superintendent,**
**Mount Olive Correctional Complex,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Joshua Dwayne Plante appeals the Circuit Court of Cabell County's August 2, 2022, order denying his petition for a writ of post-conviction habeas corpus, arguing the circuit court erred by rejecting his ineffective assistance of counsel claim, which was based on counsel's failure to argue that petitioner's federal felony conviction for possession of an unregistered firearm was not a qualifying offense for recidivist enhancement.[1] Upon our review, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In August 2018, petitioner was convicted by a jury of possession with intent to deliver heroin. Immediately after the jury returned its verdict, the State filed a recidivist information alleging that petitioner had two prior felony convictions in the United States District Court for the Southern District of West Virginia for: 1) possession with intent to distribute cocaine base, and 2) possession of a firearm not registered in the National Firearms Registration and Transfer Record ("possession of an unregistered firearm"). In January 2019, the circuit court held a hearing on the recidivist information and imposed a recidivist life sentence. On direct appeal, petitioner argued there was insufficient evidence to support his conviction, and his recidivist life sentence was constitutionally disproportionate; this Court affirmed petitioner's conviction and recidivist life sentence. *State v. Plante*, No. 19-0109, 2020 WL 6806375 (W. Va. Nov. 19, 2020) (memorandum decision).

---

[1] Petitioner appears by counsel Ryan C. Shreve. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper. Since the filing of this case, the Superintendent of Mount Olive Correctional Complex has changed, and the Interim Superintendent is now Josh Ward. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

In October 2021, petitioner filed a petition for post-conviction habeas corpus relief alleging that petitioner's trial counsel was ineffective because he did not argue at sentencing or on appeal that possession of an unregistered firearm is not a qualifying offense under the recidivist statute, West Virginia Code § 61-11-18 (2000). Petitioner further argued that, under Syllabus Point 3 of *Justice v. Hedrick*, 177 W. Va. 53, 350 S.E.2d 565 (1986), possession of an unregistered firearm cannot be used for recidivist enhancement because the West Virginia Code does not classify possession of an unregistered firearm as a felony.

In response, the State argued that petitioner's conviction for possession of an unregistered firearm is a violation of federal law, and a federal felony is a felony in every state. Further, the State argued that petitioner was convicted for possession of an unregistered firearm in the State of West Virginia, specifically, in the United States District Court for the Southern District of West Virginia. Thus, the State concludes petitioner's federal firearm conviction is a felony in West Virginia for the purposes of the recidivist statute.

The circuit court denied the petition for a writ of habeas corpus, finding that petitioner had two felony convictions in the United States District Court for the Southern District of West Virginia before he was convicted of a third felony in 2018. Thus, the court found that petitioner was "previously twice convicted of felony offenses in the United States," which satisfies the prerequisites for recidivist sentencing on his third felony conviction. The court adopted the State's position that petitioner's felony convictions in federal court may be considered as qualifying offenses under the recidivist statute. The court also noted that, on direct appeal, this Court found that petitioner's federal firearm conviction "unquestionably involves a serious crime that endangers the public," and when considered in conjunction with his two other felony convictions, justified a recidivist life sentence under Article III, Section 5 of the West Virginia Constitution. *Plante*, 2020 WL 6806375, at *7.

On appeal, petitioner raises a single assignment of error, i.e., that the circuit court erred when it rejected his claim that petitioner's trial counsel provided ineffective assistance of counsel by failing to argue at sentencing and on appeal that a federal felony conviction for possession of an unregistered firearm is not a qualifying offense under the recidivist statute. *See* W. Va. Code § 61-11-18(c) (2000)[2]; *Justice*, 177 W. Va. at 54, 350 S.E.2d at 566, Syl. Pt. 3. When this Court reviews challenges to the findings and conclusions of a circuit court in a habeas action, "we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Further, petitioner's claim of ineffective assistance of counsel is

> governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a

---

[2] The 2000 version of this statute was in effect at the time of petitioner's recidivist conviction and is the version addressed in this appeal. This statute has been substantially amended since 2000.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). To prevail on a claim of ineffective assistance of counsel, petitioner must satisfy both prongs of the conjunctive *Strickland/Miller* standard. In other words, "[f]ailure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999).

The circuit court did not err when it rejected petitioner's claim that his attorney provided ineffective assistance, because petitioner's federal conviction for possession of an unregistered firearm can be used for recidivist enhancement. Petitioner's federal felony conviction is a qualifying offense under the applicable version of the recidivist statute because it is a conviction "in the United States of a crime punishable by confinement in a penitentiary[.]" W. Va. Code § 61-11-18(c) (2000)[3]. Petitioner had two prior federal felony convictions before his 2018 conviction in State court, and the relevant recidivist statute does not exclude consideration of federal convictions in West Virginia. *See id.* Further, this Court previously affirmed a recidivist life sentence in which a federal felony conviction was used as a predicate offense. *State v. Meadows*, 124 W. Va. 412, 20 S.E.2d 687 (1942). And petitioner's federal firearm conviction emanated from the United States District Court for the Southern District of West Virginia, which is not a "conviction of a crime outside of West Virginia[.]" *Justice*, 177 W. Va. at 54, 350 S.E.2d at 566, Syl. Pt. 3, in part. Thus, for the purposes of the 2000 version of the recidivist statute, federal felony convictions are felonies in West Virginia. *See* W. Va. Code § 61-11-18(c) (2000). Consequently, counsel's failure to argue that possession of an unregistered firearm is not a qualifying offense under the recidivist statute was not deficient performance under an objective standard of reasonableness. *Id.* Because petitioner has not met his burden of proof under the first prong of the *Strickland/Miller* test, his claim fails, and the court did not err when it denied his petition for post-conviction habeas corpus. *See Vernatter*, 207 W. Va. at 17, 528 S.E.2d at 213.

For the reasons stated above, this Court finds no error in its denial of habeas relief, and affirms the August 2, 2022, final order of the Circuit Court of Cabell County.

Affirmed.

**ISSUED:** February 20, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] This quotation refers to the 2000 version of West Virginia Code § 61-11-18(c), which was in effect at the time the recidivist information was filed.

3