PEOPLE v QUINTANILLA

Docket No. 184181. Submitted August 6, 1997, at Detroit. Decided September 23, 1997, at 9:05 A.M. Leave to appeal sought.

Alfred Quintanilla, Jr., was convicted by a jury in the Monroe Circuit Court, Michael W. LaBeau, J., of two counts of felonious assault and one count of possession of a firearm during the commission of a felony. He was then convicted of being a second-offense habitual offender on the basis of a conviction of aggravated assault that he received in Ohio. He appealed, alleging that the Ohio conviction cannot be used for enhancement purposes because, although aggravated assault is a felony in Ohio, it is only a misdemeanor in Michigan.

The Court of Appeals *held*:

The habitual offender statute requires that an out-of-state offense used for enhancement purposes be a felony in Michigan under Michigan law, irrespective of whether the offense was a felony in the state or country where originally perpetrated. The facts regarding the offense, rather than the words or title of the out-of-state statute under which the conviction arose, are determinative with regard to whether the offense would be a felony in Michigan. The matter must be remanded to allow the prosecutor to show that the facts of the Ohio conviction would support a felony conviction in Michigan or to proceed under a different prior felony.

Remanded.

CRIMINAL LAW — HABITUAL OFFENDERS — OUT-OF-STATE OFFENSES.

The habitual offender statutes require that an out-of-state offense used for enhancement purposes must be a felony in Michigan under Michigan law, irrespective of whether the offense was a felony in the state or country where originally perpetrated; the facts regarding the offense, rather than the words or title of the out-of-state statute under which the conviction arose, are determinative with regard to whether the offense would be a felony in Michigan (MCL 769.10-769.12; MSA 28.1082-28.1084).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Edward F. Swinkey*, Prose-

cuting Attorney, and *Michael G. Roehrig*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Valerie R. Newman*), for the defendant on appeal.

Before: SMOLENSKI, P.J., and FITZGERALD and GAGE, JJ.

PER CURIAM. Defendant was convicted by a jury of two counts of felonious assault, MCL 750.82; MSA 28.277, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), arising out of a drive-by shooting. Defendant was subsequently convicted of being an habitual offender, second offense, MCL 769.10; MSA 28.1082, and was sentenced to concurrent prison terms of four to six years for each of the assault convictions and to a consecutive two-year term for the felony-firearm conviction. Defendant appeals as of right. We remand.

In a supplemental information, defendant was charged as a second offender on the basis of an Ohio conviction of aggravated assault. Aggravated assault is a felony in Ohio. Defendant contends that because aggravated assault is only a misdemeanor in Michigan,[1] the Ohio conviction cannot be used for enhancement purposes.

In *People v McIntire*, 7 Mich App 133, 139; 151 NW2d 187 (1967), this Court noted that at that time the habitual offender act[2] referred to a prior conviction " 'under the law of any other State, government or country, of crimes which if committed within this

---

[1] Aggravated assault is punishable by imprisonment for a period of not more than one year, or a fine of not more than $1,000, or both. MCL 750.81a; MSA 28.276(1).

[2] Specifically, MCL 769.10-769.12; MSA 28.1082-28.1084.

State would be felonious . . . .' " The act requires that the offense be a felony in Michigan under Michigan law, irrespective of whether the offense was or was not a felony in the state or country where originally perpetrated. Hence, the facts of the out-of-state crime, rather than the words or title of the out-of-state statute under which the conviction arose, are determinative.

There is no information in the record concerning the facts of the Ohio conviction. Consequently, this case must be remanded to the trial court to allow the prosecutor to show that the facts of the Ohio conviction would support a felony conviction in Michigan[3] or, in the alternative, to allow the prosecutor to proceed under a different prior felony.[4]

Remanded for further proceedings consistent with this opinion.[5] Jurisdiction is not retained.

---

[3] The information necessary to make such a showing should be available in the lower court record, police report, or presentence report of the out-of-state conviction.

[4] The presentence report reveals that defendant has at least three other valid prior felony convictions from Ohio and Texas.

[5] Defendant's argument regarding the proportionality of his sentence need not be addressed at this time in light of our resolution of this matter.