571 N.W.2d 228 (1997)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Alfred QUINTANILLA, Jr., Defendant-Appellant.
Docket No. 184181.
Court of Appeals of Michigan.
Submitted August 6, 1997, at Detroit.
Decided September 23, 1997, at 9:05 a.m.
Released for Publication December 23, 1997.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, Edward F. Swinkey, Prosecuting Attorney, and Michael G. Roehrig, Assistant Prosecuting Attorney, for People.
State Appellate Defender by Valerie R. Newman, for Defendant-Appellant on appeal.
Before SMOLENSKI, P.J., and FITZGERALD and GAGE, JJ.
PER CURIAM.
Defendant was convicted by a jury of two counts of felonious assault, M.C.L. § 750.82; M.S.A. § 28.277, and one count of possession of a firearm during the commission of a felony, M.C.L. § 750.227b; M.S.A. § 28.424(2), arising out of a drive-by shooting. Defendant was subsequently convicted of being an habitual offender, second offense, M.C.L. § 769.10; M.S.A. § 28.1082, and was sentenced to concurrent prison terms of four to six years for each of the assault convictions and to a consecutive two-year term for the felony-firearm conviction. Defendant appeals as of right. We remand.
In a supplemental information, defendant was charged as a second offender on the basis of an Ohio conviction of aggravated assault. Aggravated assault is a felony in Ohio. Defendant contends that because aggravated assault is only a misdemeanor in Michigan,[1] the Ohio conviction cannot be used for enhancement purposes.
In People v. McIntire, 7 Mich.App. 133, 139, 151 N.W.2d 187 (1967), this Court noted that at that time the habitual offender act[2] referred to a prior conviction "`under the law of any other State, government or country, of crimes which if committed within this State would be felonious....'" The act requires that the offense be a felony in Michigan under Michigan law, irrespective of whether the offense was or was not a felony in the state or country where originally perpetrated. Hence, the facts of the out-of-state crime, rather than the words or title of the out-of-state statute under which the conviction arose, are determinative.
There is no information in the record concerning the facts of the Ohio conviction. Consequently, this case must be remanded to the trial court to allow the prosecutor to show that the facts of the Ohio conviction would support a felony conviction in Michigan[3] or, in the alternative, to allow the prosecutor to proceed under a different prior felony.[4]
Remanded for further proceedings consistent with this opinion.[5] Jurisdiction is not retained.
NOTES
[1] Aggravated assault is punishable by imprisonment for a period of not more than one year, or a fine of not more than $1,000, or both. M.C.L. § 750.81a; M.S.A. § 28.276(1).
[2] Specifically, M.C.L. §§ 769.10-769.12; M.S.A. §§ 28.1082-28.1084.
[3] The information necessary to make such a showing should be available in the lower court record, police report, or presentence report of the out-of-state conviction.
[4] The presentence report reveals that defendant has at least three other valid prior felony convictions from Ohio and Texas.
[5] Defendant's argument regarding the proportionality of his sentence need not be addressed at this time in light of our resolution of this matter.