*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LEON CAVANAUGH, JR.,

Defendant-Appellant.

UNPUBLISHED
July 08, 2025
2:33 PM

No. 367768
Monroe Circuit Court
LC No. 22-247244-FC

Before: MALDONADO, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

Following a remand from this Court, defendant was resentenced as a second-offense habitual offender, MCL 769.10, to serve 5 to 15 years' imprisonment for his conviction of intentional discharge of a firearm at a building, MCL 750.234b(1).[1]  We affirm.

## I.  BACKGROUND

The inciting incident occurred when defendant fired gunshots into the Deluxe Inn motel room of Gary Brazzel and Daisy Holton on the evening of April 9, 2022.  During a one-day bench trial, Brazzel and Holton testified that they went to the Deluxe Inn for a romantic evening.  They did not know defendant, but he approached their motel room asking to speak to a woman whom he believed was inside.  When Brazzel told defendant that the woman was not there, defendant attempted to force his way into the room.  Brazzel eventually pushed defendant out of the room and locked the door.  Brazzel and Holton then laid down.  Sometime later, they heard two gunshots and saw two flashes in their motel room above their bed.  The motel manager and his cousin both heard the shooting and identified defendant as the man they saw in the area and as the man on surveillance footage from the motel security cameras.  Various officers from the Monroe County

---

[1] Defendant also was sentenced to serve 30 to 90 months in prison for carrying a concealed weapon, MCL 750.227, 30 to 90 months for being armed with intent to use a dangerous weapon, MCL 750.2263; 30 to 72 months for two counts of felonious assault, MCL 750.83; and 24 months for three counts of felony firearm, MCL 750.227b.

Sherriff's Department explained their investigation, including that they found two shell casings outside the motel room and two bullet holes in the motel room.

The trial court also saw the surveillance footage from the motel that depicted a man matching defendant's description shoot a pistol into Brazzel and Holton's motel room and leave in a silver Dodge Challenger. Finally, defendant testified that he was driving around looking for the mother of his unborn child. He acknowledged it was possible that he went to the Deluxe Inn, but claimed not to remember what happened because he was drinking and smoking and "blacked out."

The trial court found defendant guilty of intentional discharge of a firearm at a building. Defendant's minimum sentencing guidelines range was 29 to 57 months, MCL 777.65, and the statutory maximum sentence was 10 years. MCL 777.16m. However, the prosecutor alleged that defendant was previously convicted of the felony of trespass in a habitation in Ohio. Accordingly, the upper limit of defendant's *minimum* guidelines range was increased by 25% to 71 months. MCL 777.21(3)(a). The prosecutor also sought a habitual offender enhancement to defendant's *maximum* sentence pursuant to MCL 769.10, which permitted the trial court to increase the 10-year statutory maximum by 1-1/2 times to 15 years. The trial court sentenced defendant to 5 to 15 years imprisonment, as previously noted.

Defendant moved this Court pursuant to MCR 6.429(C) and MCR 7.211(C)(1) to remand the matter to the trial court for resentencing on the basis that the trial court improperly enhanced his sentence using a prior conviction in Ohio without determining whether the Ohio offense would be a felony in Michigan. This Court granted defendant's motion to remand and retained jurisdiction.[2] On remand, the trial court determined that defendant's Ohio conviction would have been a felony in Michigan and imposed its original sentence.

This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines. *People v McGraw*, 484 Mich 120, 123 (2009). A trial court's findings in support of particular score under the sentencing guidelines are reviewed for clear error. *People v Hardy*, 494 Mich 430, 438 (2013). A trial court's factual determinations are clearly erroneous only if, after reviewing the entire record, this Court is definitely and firmly convinced that the trial court made a mistake. *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). If a defendant is sentenced on the basis of a scoring error that changes the appropriate guidelines range, the defendant is entitled to resentencing using the appropriately scored guidelines. *People v Francisco*, 474 Mich 82, 88-91 (2006).

---

[2] *People v Cavanaugh*, unpublished order of the Court of Appeals, entered May 23, 2024 (Docket No. 367768).

### III. DISCUSSION

The parties agree that the trial court neglected to determine whether the Ohio offense would be a felony in Michigan before relying on that offense to enhance defendant's sentence. However, on remand, the trial court corrected this error by conducting a hearing and making a determination on this issue before resentencing defendant.

Moreover, the trial court did not err on remand when it determined that defendant's Ohio offense would be a felony in Michigan and enhanced defendant's sentence accordingly.

A trial court may sentence a criminal defendant as a habitual offender on the basis of a prior conviction from another jurisdiction if the conviction for that offense "would have been for a felony or attempt to commit a felony in this state if obtained in this state . . . ." MCL 769.10(1). This statute "requires that the offense be a felony in Michigan under Michigan law, irrespective of whether the offense was or was not a felony in the state or country where originally perpetrated." *People v Quintanilla*, 225 Mich App 477, 479; 571 NW2d 228 (1997). Accordingly, "the facts of the out-of-state crime, rather than the words or title of the out-of-state statute under which the conviction arose, are determinative." *Id*.

In the present case, defendant pleaded guilty in Ohio to trespass in a habitation, a fourth-degree felony governed by Ohio Rev Code 2911.12, which states in relevant part:

> (B) No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.

Defendant asserts that the analogous offense in Michigan is a misdemeanor pursuant to MCL 750.115, which provides:

> (1) An individual who breaks and enters or enters without breaking, any dwelling, house . . . whether occupied or unoccupied, without first obtaining permission to enter from the person having immediate control thereof, is guilty of a misdemeanor.

However, on remand, the trial court determined that defendant's conduct would be a felony in Michigan, particularly either a first or third-degree home invasion. Home invasion offenses in Michigan are outlined in MCL 750.110a, which states in relevant part:

> (2) [A] person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling . . . is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> \* \* \*
>
> (b) Another person is lawfully present in the dwelling.
>
> \* \* \*

(4) A person is guilty of home invasion in the third degree if the person does either of the following:

(a) [E]nters a dwelling without permission with intent to commit a misdemeanor in the dwelling . . . .

Both first and third-degree home invasion are classified as felonies in Michigan. MCL 750.110a(5) and (7).

The record supports the trial court's determination that the facts of defendant's Ohio crime would constitute felony home invasion if committed in Michigan. At the motion hearing on remand, defendant testified that he entered the home of Cerina Winters, a woman whom he did not know. He also confirmed the accuracy of the related police report, which indicated that he entered the house at 4:20 a.m. through a kitchen window that had been removed prior to his entering. Defendant further confirmed that Winters was present in the house at the time of his entry, that he entered her bedroom, and that police apprehended him outside of her house. The prosecutor admitted the police report into evidence, in which Winters stated that defendant fled from the house when he realized that she had called 911. These facts support that defendant entered a dwelling without permission when a person was lawfully present, satisfying most of the elements of both first and third-degree home invasion pursuant to MCL 750.110a(2) and (4).

The only remaining element for either felony is whether defendant entered the home with intent to commit a felony, larceny, or assault, MCL 750.110a(2), or with the intent to commit a misdemeanor, MCL 750.110a(4). "A factfinder can infer a defendant's intent from his words or from the act, means, or the manner employed to commit the offense. In other words, a defendant's intent can be proved by circumstantial evidence." *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001) (citations omitted). "Because intent may be difficult to prove, only minimal circumstantial evidence is necessary to show a defendant entertained the requisite intent." *People v Harverson*, 291 Mich App 171, 178; 804 NW2d 757 (2010). In the instant case, the trial court could infer defendant's intent to commit at least a misdemeanor in Winters's home, given that he entered the home through a kitchen window in the middle of the night and fled when Winters called the police. See *Hawkins*, 245 Mich App at 458. Because defendant had intent to commit at least a misdemeanor, his actions constituted at least third-degree felony home invasion. See MCL 750.110a(4).

Accordingly, the trial did not err by determining that defendant's Ohio conviction for trespass in a habitation would constitute felony home invasion and enhancing his maximum sentence pursuant to MCL 769.10.

The trial court also did not err on remand when it retained the 5-point score for PRV 2 and the 10-point score for PRV 6. PRV 2 requires a trial court to assess five points if the offender has one prior low severity felony conviction. MCL 777.52(1)(d). A "prior low severity felony conviction" includes a felony from another state that corresponds to a crime listed in offense class E. MCL 777.52(2)(b). As noted, defendant previously pleaded guilty to trespass in a habitation, a fourth-degree felony in Ohio. Ohio Rev Code 2911.12. Likewise, the trial court properly determined that defendant's Ohio conviction corresponds to third-degree home invasion in

-4-

Michigan, a class E felony. See MCL 777.16f. Accordingly, the trial court properly assessed 5 points for PRV 2. See MCL 777.52(1)(d).

PRV 6 governs a defendant's relationship with the criminal justice system and requires a score of 10 points if the defendant "is on parole, probation, or delayed sentence status or on bond awaiting adjudication or sentencing for a felony." MCL 777.56(1)(c). In the present case, defendant was on probation for his Ohio conviction at the time of the present offense. As discussed, the trial court properly considered defendant's Ohio conviction. Therefore, defendant has not established that PRV 6 was incorrectly assessed 10 points.

## IV. CONCLUSION

Defendant has not established that the trial court incorrectly determined that his Ohio conviction would be a felony in Michigan or that the trial court incorrectly enhanced his maximum sentence or assessed points for PRV 2 or PRV 6, so defendant is not entitled to resentencing.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Mark T. Boonstra
/s/ Randy J. Wallace